HUBBELL AND BROTHER v. REAM *et al.*

1. Witnesses: SEPARATION OF. An order for the separation of witnesses rests within the discretion of the court, and upon the application of either party is rarely withheld.

2. Evidence: LEADING QUESTIONS. The permitting a leading question to be asked which could have worked no substantial prejudice to the party complaining, constitutes no sufficient ground for reversal. And it seems that when and under what circumstances a leading question may properly be put is a matter resting in the sound discretion of the court.

3. —— PAROL EVIDENCE : WRITTEN AGREEMENTS. The admission of parol evidence, which tends to establish a new and subsequent agreement into which the former written one entered as inducement or consideration, is not a violation of the rule respecting the admission of parol evidence to contradict or vary written instruments.

4. —— PAROL AGREEMENT TO SURRENDER NOTES: CONSIDERATION. A parol agreement to deliver up and cancel a promissory note may be shown, and, if supported by a sufficient consideration, is binding and will be enforced. Any advantage to the promissor or prejudice to the promisee will constitute a sufficient consideration.

5. —— REBUTTING EVIDENCE: ORDER OF TESTIMONY. After the party adverse to the one on whom rests the burden of proof has produced his testimony, the other is confined to rebutting evidence, but the court may, for good reasons, in furtherance of justice, permit him to offer original testimony. Rev., § 3046.

6. —— It seems that the whole subject of the examination of witnesses and the order in which the testimony shall be produced, rests very largely in the discretion of the trial court.

7. Instructions: FAILURE TO GIVE. A case will not be reversed for a failure on the part of the court to give extended instructions, where the issues are simple and no further instructions were asked.

*Appeal from Louisa District Court.*

MONDAY, APRIL 10.

THE plaintiffs filed, in the Louisa district court, their petition, claiming the sum of $55,000, alleged to be due

on thirty-two promissory notes executed by defendants and one McCreery, under the firm name of McCreery, Ream & Kent. To this petition the defendants answered, alleging that, on the 9th day of February, 1868, the copartnership of McCreery, Ream & Kent was dissolved by mutual consent, and it was agreed between the plaintiffs, the defendants and said McCreery that if the defendants would deliver to McCreery all the assets of the firm of McCreery, Ream & Kent in their hands, amounting to about $60,000, McCreery would, in consideration thereof, assume to pay all the debts of said firm, and especially the notes on which this action is founded, and that the plaintiffs, in consideration of the delivery of said assets to McCreery, agreed to look to McCreery alone for their claims against McCreery, Ream & Kent, and to deliver up, for cancellation, the notes upon which this action is brought, and that, in pursuance of said agreement, the defendants delivered to McCreery said assets, amounting to $60,000. The cause was tried by a jury. Verdict and judgment for defendants. Plaintiffs appeal.

The necessary facts are stated in the opinion.

*Richman & Carskadden* for the appellants.

*Thomas Hanna* and *Cloud & Broomhall* for the appellees.

DAY, Ch. J. — I. Upon the trial, the defendants having the burden of proof, at their instance John McCreery, a material witness for the plaintiffs, was excluded during the examination of the defendants' witnesses. The plaintiffs complain of this action of the court. Not only is it within the discretion of the court trying a cause to order a separate examination of witnesses, but such order, upon the application of either party, is rarely withheld. 1 Greenl. on Ev., § 432 and note 1.

1. WITNESSES: separation of.

II. The defendant Kent, after having testified that the firm of McCreery, Ream & Kent was dissolved, and that there was a written article of dissolution, was asked the following question, to wit: "Was the written dissolution of your firm a part of your settlement with McCreery and with plaintiffs?" The plaintiffs objected to the testimony, upon the ground that it "is leading, incompetent, immaterial and irrelevant, and seeks to enlarge and vary the terms of said writing." The objection being overruled, the witness testified that said written dissolution was part of the settlement of defendants with McCreery and with plaintiffs.

*2. EVIDENCE: leading questions.*

1. It may be admitted, as is done by counsel for appellee, that the form of this interrogatory is objectionable; yet it does not follow that on that ground alone the judgment should be reversed. It perhaps rarely happens that a protracted trial is conducted without the occurrence of some purely technical error. If appellate courts should reverse for these, where no substantial prejudice has been done the complaining party, judicial investigations would be interminable, and a judgment in a party's favor at *nisi prius* would be but the commencement of his litigation.

The objectionable feature in this question is, not that it suggests the answer, but that, emboying a material fact, it admits of an answer by a simple affirmation or negation. The record shows that the question was *not* so answered, so that the prejudice sought to be avoided by the rule inhibiting leading questions does not, in the present case, arise.

It further appears that the same witness subsequently testified to *facts* tending to show that the written agreement of the dissolution *did* form part of a settlement with McCreery and with plaintiffs.

It is stated in Greenleaf on Evidence, that "when and under what circumstances a leading question may be put is a matter resting in the sound discretion of the court, and

not a matter which can be assigned for error." 1 Greenl. on Ev., § 435 ; see, also, Cowen and Hill's notes to Phillips on Ev., part 2, p. 922; *Stafford* v. *Sandford*, 9 Conn. 275.

Without deciding definitely that in no case will the permitting of a leading question constitute a ground for reversal, we are clearly of the opinion that, in this case, in view of the form of the answer and the subsequent testimony, no such substantial prejudice is shown as upon that ground to demand a reversal.

2. The objection that this evidence is irrelevant and immaterial is not urged in the argument, and may, therefore, be regarded as waived.

3. The remaining objections are, that the evidence is incompetent, and seeks to enlarge and vary the terms of said writing. It is urged in argument that the evidence is incompetent, *because* it extends, varies and enlarges the contract set forth in the written article of dissolution. Hence, the former objection includes the latter, or, more properly, the latter simply assigns a reason for the former. Is the evidence incompetent for the reason urged? It seems to us not. The agreement of dissolution is between Ream & Kent of the one part, and McCreery of the other. In it no allusion is made to any agreement with plaintiffs. It contains no part of such agreement. If it was made it exists outside and independent of the agreement of dissolution. Yet that agreement may have been the consideration or inducement of the plaintiff's agreement to discharge defendants and look to McCreery, and proof that in that manner it formed part of the alleged agreement with plaintiffs, does not, necessarily, extend or vary the written agreement between defendants and McCreery. It rather tends to establish a new and subsequent agreement, into which the former entered as inducement or consideration.

III. The article of dissolution of the firm of McCreery,

Ream & Kent was permitted to be read in evidence, against the objection of plaintiff that it was incompetent, irrelevant and immaterial. This objection has been anticipated. If it was proper to show that the agreement of dissolution formed part of an agreement with plaintiffs, the article of dissolution itself becomes material and competent.

IV. The defendant Kent testified that, at the time the agreement for dissolution was signed, Henry S. Hubbell, one of the plaintiffs, stated that if defendants would deliver the sale notes taken for stores sold, and the collection receipts for notes that were out for collection, he would cancel and deliver to Ream and Kent all the notes held by Hubbell & Bro. against the firm; and that Ream and Kent would not have made the dissolution had they not supposed that they were thereby released from the claim of plaintiffs. The plaintiffs objected to this testimony that it purported to prove a parol release of written obligations, and is without consideration. We entertain no doubt that a parol agreement to deliver up and cancel a promissory note, if supported by a sufficient consideration, is binding. We are thus brought to a consideration of the remaining objection. Is the promise as proved without consideration? Any advantage to the promissor, or detriment or prejudice to the promisee, may be a consideration sufficient to support a promise. Kent had before testified that the agreement of dissolution formed part of the settlement with plaintiffs; and in the testimony now under consideration he states that they would not have made the dissolution, had they not supposed that they were thereby released from the claim of plaintiffs. In the agreement for dissolution, it is stipulated that McCreery is to have all the assets of the firm; and that he alone shall sign the firm's name in the settlement of the business; and that Ream and Kent shall pay to *McCreery* one-half the balance owing by said firm over

4. —— parol agreement to surrender notes: consideration.

and above the net amount realized from the property of the firm. Here is an entire surrender of the assets and business of the firm to McCreery, an agreement to pay half the debts of the firm to him, and a relinquishment of the care and oversight which, as partners, they had the right to exercise. Aside from this agreement McCreery could not have arrogated to himself the exclusive control of the partnership assets. If Ream and Kent had refused to dissolve the partnership, the dissolution could have been effected only through the intervention of the courts, which would have resulted in the appointment of a receiver to take charge of the partnership assets and discharge the partnership liabilities. Clearly, then, by abandoning the assets to McCreery and agreeing to pay to *him* one-half the firm debts, and relying simply upon his good faith to apply such assets and the sums so paid in liquidation of the firm's debts, they have been placed in a condition in which they may be greatly prejudiced, if McCreery should act in bad faith. The simple fact of surrendering all control over the settlement of the partnership business is to them a prejudice sufficient to support the promise alleged. It is claimed by appellant that, under the articles of partnership, McCreery was entitled to the notes, and that the agreement to deliver them was an undertaking to do no more than they were before liable to perform. It is true the notes taken on sales of stores were to be forwarded to McCreery every two months, he residing at the principal place of business of the firm. But this would not give him an exclusive possession and control of them as against the other partners. By the articles of dissolution such exclusive possession and control was acquired. We think the objections raised were properly overruled.

V. The defendants, in their amended answer, allege that plaintiffs released McCreery, the co-promisor of defendants, and thereby released them. It is claimed in the argument

of appellants that during the progress of the trial this defense was abandoned, and that the court therefore erred in permitting the defendants to testify of certain conversations and declarations of Hubbell and McCreery, which tended to show that McCreery had been released. The record does not show an abandonment of this defense. It is denied by counsel of appellees. The objection here urged cannot, therefore, be considered.

VI. After the plaintiffs had rested, the defendants were permitted to testify of matters which had not been before alluded to. The objection urged to this testimony is, not that it is inherently inadmissible, but that it is improper by way of rebuttal. The entire subject of the examination of witnesses and the order of the production of testimony rests very largely in the discretion of the judge trying the cause. After the party adverse to the one on whom rests the burden of proof has produced his testimony, the other is confined to rebutting evidence, *unless the court, for good reasons, in furtherance of justice, permit him to offer evidence in his original case.* Without determining whether the testimony here offered was strictly rebutting or original testimony, it was clearly within the discretion of the court to admit it in furtherance of justice. The record discloses no fact tending to show that this discretion of the court was abused. Rev.; § 3046.

VII. It is next objected that the court failed to so instruct the jury as to give them clear and intelligent notions of what they were called upon to decide. So far as the jury were concerned the case involved nothing further than the simple preponderance of testimony. The court instructed them that the rule of law as to the burden of proof and preponderance of evidence had been properly stated by the counsel for the plaintiffs, and that it was for them to say whether the defense had or had not been sustained by the evidence. No objection was

5. —— rebutting evidence: order of testimony.

7. INSTRUCTIONS: failure to give.

made to the instructions given, nor were any additional instructions asked. The case of *Owen* v. *Owen*, 22 Iowa, 270, involved complicated issues, and in it no instructions at all were given. In both respects it fails of analogy to the case at bar. We cannot, in this case, say that substantial justice has not been effectuated, and, therefore, do not feel called upon to reverse the cause simply for the failure to give more extended instructions.

VIII. The last alleged error is the overruling of the plaintiff's motion for a new trial. The points raised have all been passed upon, except that the verdict is not sustained by sufficient evidence. The evidence was conflicting. It has been frequently held that, under such circumstances, this court will not disturb an order of the court below overruling a motion for a new trial, unless it presents a clear case of abuse of discretion. *Vide McKay* v. *Thorington*, 15 Iowa, 25; *Brockman* v. *Berryhill*, 16 id. 183; *Pierce* v. *Walker*, 23 id. 424; *Smith & Co.* v. *McLean*, 24 id. 322; *Booth & Graham* v. *Small and Small*, 25 id. 177; *Hull & Co.* v. *Alexander*, 26 id. 570. Under the authority of these decisions our clear duty is to sustain this verdict.

Affirmed.