BOALS *et ux.* v. SHIELDS *et al.*

Evidence: ORDER OF INTRODUCTION. The order of introduction of testimony rests very largely in the discretion of the court; and although the action of the court below in admitting testimony not rebutting will not ordinarily be disturbed, neither will its action in rejecting such testimony.

*Appeal from Monroe District Court.*

FRIDAY, OCTOBER 25.

THIS action is brought to recover damages from defendants, who are physicians and surgeons, resulting to Margaret O. Boals by reason of alleged careless and unskillful treatment of a fracture of the bones of the right leg of said Margaret. The cause was tried at the April term, 1871, before the court without a jury, and judgment ren-

dered for defendants for costs, from which plaintiffs appealed. At the April term, 1872, after the cause had been appealed, a motion was made by defendants in the court below, to strike the bill of exceptions from the record, which motion was sustained. The plaintiffs excepted and appeal.

*Seevers & Cutts* and *Hammond & Stuart* for the appellants.

*Perry & Townsend* and *Yocum & Robb* for the appellees.

MILLER, J. — On the trial before the court the plaintiffs introduced themselves and others as witnesses to show the kind of treatment administered, by the defendants as surgeons, to the plaintiff, Margaret C. Boals. The witnesses state particularly the manner in which the broken limb was treated ; how the splints and other apparatus were applied, and bandages, etc., adjusted. Also, as to the health of the plaintiff prior to the fracture, how the same declined ; that she suffered great pain under treatment adopted and pursued by defendants, and then gave medical testimony showing that the treatment described by plaintiffs' witnesses was unskillful, etc.

The defendants then introduced themselves and another as witnesses and testified as to the kind of treatment, manner of reduction, etc., adopted and pursued by defendants in the treatment of the case, and also gave medical testimony showing that the practice and treatment described by defendants' witnesses was not unskillful but proper and correct practice, and that the treatment described by plaintiffs' witnesses was unskillful, etc.

In this condition of the evidence, after defendants had rested, plaintiffs proposed to call two witnesses who had been previously examined by them, in order to show that the treatment *actually* pursued by defendants was not

such as described by their witnesses; and also proposed to call other witnesses, not previously examined, for the same purpose. The court refused to admit the proposed evidence, to which plaintiffs excepted and assign this ruling as error.

There was no error in this ruling. The proposed evidence was not strictly rebutting. The plaintiffs had given evidence to establish the kind of treatment adopted, and evidence of experts to the effect that such treatment was unskillful. The defendants on their part introduced evidence tending to show that the treatment adopted by them was different from that described by plaintiffs' witnesses, and that it was proper and correct. Now the plaintiff proposes to reiterate his original testimony by showing just what kind of treatment the defendants did adopt — the very thing they should have done, and did do, in fact, when they offered their original evidence. The proposed evidence was but the reiteration and accumulation of their original evidence which they were required to produce in the first instance in support of their case.

While the court may in its discretion, for good reasons, in furtherance of justice permit a party to give evidence in his original case after he has closed, yet the order of the production of evidence to the court or jury rests to such a degree in the discretion of the judge trying the cause, that we would not be justified in interfering with the exercise of this discretion unless in a clear case of its abuse. Rev., § 3046; *Hubbel & Brother* v. *Kent*, 31 Iowa, 289, 295. And had the court admitted the evidence proposed we should not have been authorized to interfere. There was no abuse of discretion in refusing it — the trial having already occupied the time of the court for about two weeks.

It becomes unnecessary to examine the questions arising on the second appeal, having considered the cause on the

first appeal as if the bill of exceptions had not been expunged from the record.

The judgment of the district court will be

Affirmed.