HESS v. WILCOX ET AL.

1. **Promissory Notes:** EVIDENCE: LETTERS ADMISSIBLE. Certain letters in respect to the subject-matter of the action, and tending to contradict the testimony of a party and explanatory of other testimony, were properly admitted in evidence.

2. ———: ———: PART OF CONVERSATION. The defendant having testified, that at a certain time and place he informed the holder of the notes sued on, that he had never seen them before, it was competent to prove what such party said to him at the time, it being a part of the same conversation.

3. ———: ———: DISCRETION OF COURT: PRACTICE. Allowing or disallowing the introduction of evidence out of its regular order, is largely within the discretion of the trial court, and, unless an abuse of discretion is shown and prejudice is wrought, such action of the court furnishes no ground for reversal.

4. **Instruction:** NOT BASED ON PROOF: PRACTICE. The giving of an instruction by the court, based upon a state of facts of which there was no proof in the case, was error.

*Appeal from Linn District Court.*

TUESDAY, JUNE 6.

THE plaintiff commenced this action upon two promissory notes, purporting to be executed by William and Isaac Wilcox to George A. Wilcox, and by him indorsed in blank. The defendants answered under oath, each denying that he ever signed, or authorized any one for him to sign, or that he ever sanctioned or ratified the signing of the notes set out in the petition. There was a jury trial, resulting in a verdict and judgment for the plaintiff for $770.85. The defendants appeal.

*J. B. Young,* for the appellants.

*J. D. Griffin* and *Wm. G. Thompson,* for the appellee.

DAY, J.—The defendants assign as error the admitting in evidence of two letters, as follows:

"FIRST NATIONAL BANK, MARION, IOWA.

"WILLIAM WILCOX, *Elwood, Iowa.*

"Your note falls due March 3d, for $250, the first of the notes you gave George. Your name is on the face, and also 1. PROMISSORY Isaac Wilcox. Mr. Isaac Wilcox told me once note: evidence: letters that he never signed that note, while George says admissible. that he did. Will you please tell me by return mail what you know about the matter and if both names to the note are genuine. "Yours, etc.,      R. D. STEPHENS."
     "2–24–79."

"ELWOOD, IOWA, FEBUARY 25, 1879.

"R. D. STEPHENS,

"*Dear Sir:* Yours received relative to joint note of father and self. I gave just such a note as you name, and suppose of course this is the one. My understanding was that father was to sign. He signed several notes and being somewhat forgetful may not have remembered this. The one you name is the one I spoke to you about in his presence in the bank. He evidently now considers it regular.

             "Truly, etc.,          WM. WILCOX."

The evidence shows that the second letter was written in response to the first, and that the note referred to therein is neither of the notes now in controversy. George A. Wilcox is the brother of William, and the son of Isaac Wilcox. William Wilcox testified, in substance, that he was in partnership with George in mercantile business; that he bought out George's interest, and executed therefor four notes, aggregating $800, which were also signed by his father, Isaac Wilcox; and that these four notes were the only notes which he ever executed for George's interest in the store. This witness further testified that the First National Bank of Marion held two notes purporting to be executed to George Wilcox by William and Isaac Wilcox; that they never executed these notes, but that to prevent the exposure of George, he agreed

to acknowledge the notes as his own, and he, and Isaac Wilcox, agreed to pay them, which they subsequently did, in consideration of which George Wilcox surrendered the four notes given for his interest in the store. Upon the other hand, George Wilcox testified that he sold his interest in the store for $1,800, and that the notes sued upon, as well as the notes held by The First National Bank, were executed by the defendants in part payment. This witness denies the surrender of any of the notes in consideration of the defendants assuming the two notes held by the bank. Now, it is evident that the letter written by William Wilcox has some tendency to contradict his testimony that he never executed but four notes to George, and to corroborate the testimony of George. It is claimed that the letter is inadmissible in view of the explanation made by William Wilcox of the circumstances under which he acknowledged the note to be his. But, as the evidence was conflicting, it was for the jury to say, in view of all the evidence, whether his explanation was credible. The first letter was merely explanatory of, and introductory to, the second. In admitting them, we think, the court did not err.

II. The defendant, Isaac Wilcox, testified to going to the bank and looking at the notes held by it, and informing R. D. Stephens that he had never seen them before. R. D. Stephens was introduced as a witness and testified that at the time referred to by Isaac Wilcox, he said emphatically that he never signed the notes. The witness further testified: "*I told him that I did not think that he could ever make it win;* that I thought that the signature was genuine." The defendant moved to strike out the portion of this testimony indicated in italics, and assigned the admission of it as error. The defendant having detailed a part of the conversation, it was competent for the plaintiff to introduce the remainder of it. See Code, § 3650; *Jones v. Hopkins*, 32 Iowa, 503.

Hess v. Wilcox.

After the plaintiff and the defendants had rested their case, the plaintiff was permitted to introduce evidence which was

3. ——: ——. *discretion of court: practice.* not strictly rebutting. This action the defendants assign as error. This is a matter which rests very largely in the discretion of the court. Code, § 2779. Unless an abuse of discretion is shown, the action of the court, in such regard, furnishes no ground of reversal. See *Hubbell & Brother v. Ream,* 31 Iowa, 289; *Crane v. Ellis,* Id., 510; *Boals v. Shields,* 35 Iowa, 231. No good could result from our reversing the case, simply to admit the same testimony in a different order, unless it should clearly appear that the defendants were prejudiced by the order in which the testimony was admitted. Such prejudice is not shown.

IV. The court instructed the jury as follows: "Whether the defendants, or either of them, actually signed said notes,

3. INSTRUCTIONS: not based on proof: practice. or either of them; or whether they, or either of them, authorized or empowered any other person to sign their names respectively; or whether they, after said notes were signed, respectively ratified and confirmed said notes, or either of them, as their own, are facts for you to determine from the evidence. If you are satisfied by a fair preponderance of evidence that defendants, or either of them, actually signed said notes, or either of them, or authorized and empowered some other person to sign their names thereto; or after said notes were signed, ratified and confirmed the same as their own notes, then the plaintiff is entitled to recover, otherwise, your verdict will be for defendants."

It is claimed that this instruction is erroneous, because there was no evidence that the defendants authorized any one to sign their names to the notes, and no evidence that the defendants ratified the notes after they were signed. The whole theory of the plaintiff's case was that the defendants personally signed the notes. George Wilcox, to whom the notes were payable, testified that the defendants each signed the

notes in his presence. There was no testimony, whatever, that the defendants authorized any one else to sign the notes for them, nor that they ratified them after they were signed. It has frequently been held by this court that it is error to give an instruction based upon a state of facts of which there is no proof. *Moffitt v. Cressler*, 8 Iowa, 122; *State v. Arthur*, 23 Id., 430; *Byington v. McCadden*, 34 Id., 216. For the error of the court in giving this instruction the judgment is
                                                    REVERSED.