## Globe Refining Co.'s Estate. Simcox's Appeal.

*Limited partnership—Managers—Transfer of stock—Admission of members.*

A limited partnership under the act of June 2, 1874, was organized with three members, one of whom on the day of organization transferred his shares to his mother who was never elected a member; but the remaining members continued the son as representative of the mother in the board of management.

*Held,* that this was an informal but effectual consent to the assignment and an admission into the association. The relation of the holders of the shares to each other and to the business of the association enabled them to continue their operations under the same management and as a properly organized joint stock association. They did not become liable as general partners.

The provision of the act of 1874, restricting the right of the transferee to participate in the business until he or she shall be elected or admitted as a member, is for the protection of the remaining shareholders in the selection of their associates in the management and may be waived by them.

*Creditors—Right of members to claim as such.*

A member of a limited partnership under the act of June 2, 1874, may claim as a creditor against the assigned estate of the partnership and is entitled to receive his pro rata share of the fund with the other creditors.

Argued Oct. 6, 1892. Appeal, No. 174, Oct. T., 1892, by Shedrick Simcox, a creditor, from decree of C. P. Venango Co., No. 3, April T., 1891, distributing assets of assigned estate of The Globe Refining Co., Limited. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Exceptions to auditor's report distributing assigned estate of limited partnership.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were dismissal of exceptions to auditor's report, quoting them, embracing among other things the finding recited in the opinion of the Supreme Court.

*James D. Hancock,* with him *Carl I. Heydrick,* for appellant. —Contracts, by persons in representative capacity, with themselves individually, are good if fair: Ashurst's Ap., 60 Pa. 290; Gloninger v. Ry., 139 Pa. 13. A limited partnership is the analogue of a corporation in many ways; it is a quasi corporation: Patterson v. Tidewater Co., 12 W. N. 452; Coal Co. v. Rogers, 108 Pa. 147; interests in it are called capital stock: Act June 7, 1877, §§ 5, 6; it acts by seal: Act Feb. 18, 1875, P. L. 3; it sues and is sued as a corporation. A member may sue it. The English statute is the foundation of our own, and in England a shareholder may be a creditor: Grissell's Case, L. R., 1 Ch. 528. If the assignment of one member's interest, without consent of the others, can have the effect of divesting the rights of the others, then their private property in the organization could be taken away without compensation, which is repugnant to the constitution.

Gaylord was continued as a manager. It is not required that he should be a stockholder. Directors of corporations are

not required to be stockholders: Densmore Oil Co. v. Densmore, 64 Pa. 43, opinion of attorney general.

*H. D. Hancock,* with him *W. D. Doyle, Dunn & Carmichael, R. F. Glenn, McCalmant & Osburne, J. H. Osmer, Mackay, Forbes & Hughes,* and *S. J. McKean,* for appellees.—A limited partnership is simply an associations of partners with limited liabilities: Eliot v. Himrod, 108 Pa. 569. A member of limited partnership cannot claim as creditor with general creditors of assigned estate: Crowther v. Upland, 1 Del. Co. 264; Gordon's Est., 11 Phila. 136.

Only by a strict compliance with the act of 1874 can a firm shelter itself from general liability: Van Horn v. Corcoran, 127 Pa. 255; Hill v. Stetler, 127 Pa. 145; Maloney v. Bruce, 94 Pa. 249; Sheble v. Strong, 128 Pa. 315. See also Briar Hill Co. v. Atlas Works, 146 Pa. 290.

The existence of three members is essential to entitle them to the protection of the act: Angell & Ames, Corp., 10th ed., § 503 et seq., §§ 768, 769, and note *a*; Morawetz, Corp., 1st ed., § 632; Van Horn v. Corcoran, 127 Pa. 255; Maloney v. Bruce, 94 Pa. 249; 1 Lindley, Part., 4th ed., § 384.

The act clearly contemplates that the managers shall be members, and the requirement of an annual meeting of the members at which at least three and not more than seven (now five) managers shall be elected, is imperative: Acts of June 2, 1874, § 5, and May 10, 1889, § 1; Eliot v. Himrod, 108 Pa. 569; Maloney v. Bruce, 94 Pa. 249; Haddock v. Grinnell Mfg. Co., 109 Pa. 372.

OPINION BY MR. JUSTICE WILLIAMS, October 31, 1892.

The Globe Refining Company, Limited, was organized on the ninth day of September, 1887, under the provisions of the act of June 2, 1874, and its supplements. It entered at once upon the business for which it was organized and continued to carry it on as a joint stock association until February, 1890, when it failed and made a general assignment for the benefit of its creditors.

The assignee converted the assets into money and filed his account. An auditor was then appointed to distribute the fund. His report was confirmed by the court below and this appeal is from the decree of distribution so made.

There is therefore no doubt about the character of the fund; the question is one of distribution only. Among the claimants was the appellant to whom the company was indebted for a part of the purchase money of the property used and occupied by it, and for a loan the bona fides of which was not questioned.

The auditor excluded him from the fund, holding that the joint stock association had been dissolved as matter of law on the day on which it was organized, and that its members had been thereby made liable to creditors as general partners. This conclusion rests on a finding " That there has not been, by the members of this association, even a substantial compliance with the act of June, 1874." This finding is a conclusion of law drawn from the fact that after the organization of the company " C. D. Gaylord, one of the three parties to the statement, transferred all his shares to Lucetta Gaylord on the same day that he signed the statement;" and that she was never elected a member of the association.

The statement was properly signed and acknowledged by the requisite number of persons. The shares were paid for in full. The instrument was recorded. The organization was therefore in full compliance with the law. Could one of the shareholders sell his shares ? The act of 1874 declares such shares to be personal estate, and authorizes their transfer under such rules as the association may provide; but it restricts the right of the transferee to participate in the business until he or she shall be elected or admitted as a member. It recognizes the fact that involuntary transfers may take place also, and provides that " any change of ownership, whether by sale, death, bankruptcy or otherwise, which shall not be followed by an election to the association, shall entitle the owner only to his interest in the association at a price and upon terms to be mutually agreed upon, and in default of such agreement the price and terms shall be fixed by an appraiser appointed by the court of common pleas of the proper county, subject to the approval of said court."

The assignee of C. D. Gaylord was his mother. Under the section just cited she could not have insisted on being admitted to participate in the management against the will of the remaining shareholders. The reason for this is that it would not be just to them to allow one of their number to introduce into the

management, by his simple assignment of his shares, a person who was bankrupt, of bad repute, or for any reason unsatisfactory to his associates. But in this case the remaining shareholders seem to have waived a formal election, and to have continued the son as the representative of his mother in the board of management and in the employment of the association. This was an informal but an effectual consent to the assignment and admission into the association of the assignee.

The relation of the holders of the shares to each other and to the business of the association enabled them to continue their operations without interruption, under the same management, and as a properly organized joint stock association.

The appellant's debt was an honest one and it was unpaid. He should therefore have been allowed to receive his prorata share of the fund with the other creditors of the association. For this reason the decree of the court below is reversed and a procedendo awarded.