| 107 | 451 |
|-----|-----|
| 109 | 514 |
| 107 | 451 |
| 115 | 287 |
| 107 | 451 |
| 112 | 694 |
| 107 | 451 |
| 116 | 18 |
| 107 | 451 |
| 119 | 525 |
| 107 | 451 |
| 120 | 746 |
| 107 | 451 |
| 132 | 571 |
| f133 | 155 |
| 107 | 451 |
| 134 | 38 |
| 107 | 451 |
| 140 | 367 |
| 140 | 368 |
| 141 | 499 |
| 107 | 451 |
| f143 | 647 |

STEPHEN WALKLEY et al., Appellants, v. A. D. CLARKE et al.

**Evidence:** CONSTRUCTION. A witness testified he purchased certain securities, and never transferred them to any person other than a certain person deceased, and that he did not own them prior or subsequent to a certain date. *Held*, to justify the inference that on the date given he sold them to deceased.

TRANSACTIONS WITH ONE DECEASED. Where an opposing witness testified that the grantee told him he had inserted a description of property in a deed, the grantee (the grantor being dead) could testify that in the same conversation he told the witness that he bought the land of deceased, paid therefor in cash and notes, and that at the suggestion of deceased, to avoid preparing another deed, he inserted the description of one already executed, this not being a personal transaction with deceased, prohibited by Code, section 4604, but relating to the conversation with the witness, a part of which having been shown, he could, under section 4615, bring out the balance.

SAME. Testimony that a witness never transferred a note and mortgage to any other person than a decedent is not evidence of a personal transaction with the latter within the prohibition of Code, section 4604.

RE-DIRECT EXAMINATION. Where, on cross-examination, a witness was asked the date when a description was in fact inserted in a deed (the original testimony being only as to a conversation with a third person concerning the insertion by witness of a description in a deed, executed by a person since deceased, to the witness), it was competent on re-direct for him to state that at the time of making the insertion deceased was present at his side, both sitting at the same table.

DECLARATIONS OF ONE IN POSSESSION. Declarations accompanying the act of possession, whether in disparagement of the claimant's

title or otherwise qualifying the possession, if made in good faith, are admissible as part of the *r·s gestae.*

DEPOSITIONS. An entire deposition will be regarded as in evidence where the plaintiff reads certain interrogatories and answers taken by him and omitted others bearing on the issue which were afterwards introduced by defendants.

SAME. Such parts of a deposition as are offered by the opposite party relating to any distinct transaction must include all said on the particular subject.

SAME. A party who has introduced a deposition taken by him cannot withdraw a part without withdrawing the entire deposition, nor withdraw the whole for the purpose of re-reading a part. only.

Appeal: EXCEPTIONS. One party cannot take advantage of the exceptions of the opposite party.

*Appeal from Kossuth District Court.*—HON. GEORGE H. CARR, Judge.

TUESDAY, JANUARY 31, 1899.

ACTION to quiet title to forty acres of land. Decree ·was entered dismissing the petition, and plaintiffs appeal. —*Affirmed.*

*Clarke & Cohenour* and *Kinne, Hume & Bradshaw* for appellants.

*Carr & Parker* for appellees.

LADD, J.—I. The plaintiffs, as heirs of Harry Walkley, who died March 2, 1893, claim to own the southeast one-fourth of southwest one-fourth of section 31, township 96 north, of range 28 west of fifth P. M., Iowa. On the 12th day of November, 1890, Walkley executed to A. D. Clarke a deed conveying the northeast one-fourth of section 11, in township 95, of the same range, and included therein is the above description. The deed was not recorded till March 15, 1893 —after Walkley's death. The sole issue of fact is whether Clarke inserted this description of the 40 acres of land in controversy in the deed after its execution, without the authority

of Walkley. We shall not review the evidence relating to the possession and control of the land prior to December 4, 1892, as it appears the description was inserted at that time. Different colored ink was used, and no effort made to disguise the handwriting. That the acknowledgment of the deed can have no reference to this land does not affect the validity of the instrument as between the parties to it. Nor was the execution of any deed essential to transfer the title. Code, section 4626; *Hughes v. Lindsey,* 31 Iowa, 332; *Wickham v. Henthorn,* 91 Iowa, 243. If Clarke paid for it, or went into possession, with the assent of Walkley, in pursuance of a contract of purchase, the plaintiffs should be denied the relief prayed.

II. The plaintiffs read in evidence certain interrogatories and answers of the deposition of F. C. Wilson, taken by them, and omitted others, bearing on the issues, which were afterwards introduced by the defendants. A party cannot be permitted to pick from a deposition, taken at his instance, those portions favorable to himself, and omit the balance. He should either read all that which is pertinent to the issues or none. This is essential to the orderly administration of justice, and is due the opposite party. *Kilbourne v. Jennings,* 40 Iowa, 474; *Grant v. Pendery,* 15 Kan. 236; *Thomas v. Miller,* 151 Pa. St. 482 (25 Atl. Rep. 128); *Converse v. Meyer,* 14 Neb. 190 (15 N. W. Rep. 340). When offered by the opposite party, such parts may be received as relate to any distinct transaction, but must include all said on the particular subject. *Bank v. Rhutasel,* 67 Iowa, 318; *Van Horn v. Smith,* 59 Iowa, 147; *Calhoun v. Hays* (Pa.), 8 Watts & S. 127 (42 Am. Dec. 275); *Converse v. Meyer, supra.* It follows, a *fortiori,* that, after a deposition has been introduced by the party taking it, he will not be permitted to withdraw a part—such as the cross examination—without withdrawing the entire deposition, nor will he be allowed to withdraw the whole for the purpose of re-reading a part only. The defendants had their

election to have Wilson's deposition excluded, or to read the parts omitted. As they chose the latter course, we shall consider the entire deposition in evidence. *Whitman v. Money,* 63 N. H. 448 (2 Atl. Rep. 899). The attempt to withdraw the cross examination of Clarke will be disregarded.

III. The defendants rely on the evidence of Wilson and Clarke. The former testified in his deposition taken and introduced in evidence by the plaintiff that he heard Clarke admit, after the death of Walkley, the insertion of the description in the deed, and that Clarke then said "he could prove where the payments came in, who was paying in some money." He was then asked: "Q. Was anything said by Mr. Clarke at the time of that conversation that he paid Mr. Walkley part cash and part mortgage? A. Yes, sir. Q. Was there anything else said at that time as to when the payment was made by Mr. Clarke to Mr. Walkley? A. I don't recollect what was said about the time. Q. There was something said, was there? A. Yes, sir. Q. Do you remember anything being said by Mr. Clarke at that time, and as a part of the same conversation, that the consideration paid was about one thousand dollars, or a little less than one thousand dollars paid Walkley? A. I don't recollect whether the amount was stated or not. It might have been. There was some talk of cash being paid and some papers being drawn, but I can't recollect now just what it was." As administrator he found among Walkley's papers notes and a mortgage executed by F. H. Muzzy to Corbin I. Edmonds, on which he had since received six hundred and sixty-two dollars and fifty cents, and also a note of seven hundred dollars, and one of six hundred dollars signed by Clarke. The latter testified that he had purchased the Muzzy notes and mortgage of Edmonds, and that he had never transferred them to any person other than Walkley. Though made incompetent by section 4604 of the Code to testify to any personal transaction with the deceased, this was not within the prohibition of that section. *McElhenney v. Hendricks,* 82 Iowa, 658. He also

stated that he did not own these papers prior or subsequent to December 4 or 5, 1892. The natural inference to be drawn from this evidence is that on one of these days he transferred the Muzzy notes and mortgage to Walkley. Clarke also testified that, as a part of the conversation with Wilson, he stated that he bought the land of Walkley, and paid therefor in cash and the transfer of the Muzzy notes,—an amount aggregating over one thousand dollars,—and, that at Walkley's suggestion, to avoid preparing another deed, he inserted the description in that previously executed. This evidence was not prohibited by section 4604 of the Code, as it was not of any transaction or communication with the deceased, but related solely to a conversation with Wilson, a part of which had been proven by the plaintiffs, and the whole of which might be inquired into by the defendants. Code, section 4615; *Hess v. Wilcox,* 58 Iowa, 380. Doubtless declarations testified to by Clarke not limiting, qualifying or explaining those mentioned by Wilson cannot be given any weight in his favor. The very evident design of the statute is that the whole of the conversation on the same subject shall be received in order to determine the consideration and weight to be attached to that portion offered by the adverse party. Otherwise, declarations in favor of the party offering them might be considered. The omitted portion of the conversation is shown to the end that the part introduced by the adverse party shall be fully understood and explained.

IV. The plaintiffs, on cross-examination, then asked the date the description was in fact inserted, and the defendant, in so far as responsive, answered, "Think it was about the 4th or 5th of December, 1892, to the best of my recollection." This was not cross-examination of anything brought out by the defendant, and no objection to its consideration was made at the trial. True, the defendant objected because not cross-examination when the deposition was taken, but the plaintiffs are not in a position to take advantage of the exceptions of their adversary. The defendant proposed

to withdraw the deposition and introduce the direct examination only. The plaintiffs objected on the ground that the entire deposition must be introduced, and on the contingency that this might not be sustained, offered the cross-examination. As the plaintiffs insisted on the consideration of this evidence, and it was not explanatory of anything elicited by the defendants, we are inclined to receive it. On re-direct examination Clarke stated that Walkley was then present by his side, and both sitting at the same table. This was proper cross-examination of Clarke on the subject inquired of by the plaintiff. The defendants must rely on the evidence set out to show authority for inserting the description, and we are inclined to think it sufficient to establish it. Clarke would not be likely to make such an alteration in Walkley's presence without his assent, and, from the transfer of the notes and payment of some cash on that particular day, a consideration may be inferred. The accounts of Walklay with the several banks at Algona, covering the last few months of 1892, were introduced in evidence, and the amount of money taken away by him, and probably expended, from December 14, 1892, to his death, was shown. These accounts indicate neither the deposit of any money paid by Clarke nor the withdrawal of any for the purchase of the Muzzy notes. But it does not appear to have been the custom of the deceased to place all the money received by him in some bank, and, in the light of this record, he might well have used that received in paying a debt or making a loan, and that paid for the Muzzy papers, if any, may have been derived from some other source. It quite plainly appears that the talk with Hutchinson occurred before the sale, and also that relating to the payment of taxes. In view of the fact that Walkley was disposing of all his property preparatory to leaving Algona, and that his declarations related to his ownership of the land, and no change of possession had been made, we are inclined to think

them so connected with the main facts in issue that they may well be deemed to have a tendency to characterize and explain them. True, they were in favor of, rather than in disparagement of his title. In *Wilson v. Patrick,* 34 Iowa, 371, it does not appear the declarant was in possession. But in *Wilson v. Irish,* 62 Iowa, 262, such declarations were held admissible. The correct rule is thus stated in 1 Greenleaf Evidence, section 109: "No reason is perceived why every declaration accompanying the act of possession, whether in disparagement of the claimant's title, or otherwise qualifying its possession, if made in good faith, should not be received as part of the *res gestae;* leaving its effect to be governed by other rules of evidence. Such declarations are received because a part of the *res gestae,* and not because as against the adverse party." The authorities cited by the author indicate that the great weight of authority is with this rule. Beside, we have so held with reference to personal property. See cases cited in *Nodle v. Hawthorne,* 107 Iowa, 380. And there appears to be no reason for distinguishing as between the kinds of property concerning which the declarations are made. We are not inclined, however, to accord the evidence of conversation with Walkley any considerable weight; the witnesses having no special interest, and not likely to accurately remember dates, and here a change of but a few days would render all his declarations entirely consistent with the sale to Clarke. The result we reach is not entirely satisfactory, as we are not aided by the evidence of the parties to the transaction. As death has sealed the lips of one, and the law those of the other, we must necessarily look to the facts and circumstances shown and the inferences to be drawn therefrom, to ascertain the truth. We are constrained to hold, after a separate examination of the record, that the land was sold and the description inserted with the assent of the deceased.—AFFIRMED.