LEO A. HOEGH, Appellee, v. JAKE SEE et al., Appellants.

No. 41449.

FEBRUARY 14, 1933.

Carl F. Becker and Hal W. Byers, for appellants.

Frank F. Messer and Kenneth M. Dunlap, for appellee.

MITCHELL, J.—Appellant Eldred See and appellee are both students at the University of Iowa, at Iowa City.

On the night of October 11, 1931, appellee, in company with two other young men students, attended a dance at Cedar Rapids. They left the dance shortly before one o'clock, and started back to Iowa City in appellee's automobile, a Model T Ford touring car. Appellee was the driver of the automobile. The route followed by the three students was over Highway No. 161, a regularly paved arterial highway, 18 feet in width, and with a black line marking the center. About twelve miles south of Cedar Rapids there is an S curve in said highway, which was the situs of the collision out of which this lawsuit developed.

There is a sharp conflict in the record as to the manner in which the accident occurred. Appellee claims that, as he neared the S curve, he saw the automobile driven by appellant Eldred See coming toward him, approximately three blocks away, and that as he came close to the starting of the bend in the road he noticed that the approaching automobile was on the wrong side of the highway. He estimated that it was traveling at a speed of between forty and fifty miles per hour. Appellee claims that he was driving on the right-hand side of the pavement, but that when he noticed that the other automobile was not in its proper position on the highway, he immediately turned to the right and applied his brakes, but, notwithstanding the fact that he had the right wheels of his automobile entirely off the pavement, the See automobile struck his car at about

the left front wheel, pushing it off the pavement and driving the rear end of the car onto the guard rail on the shoulder of the curve. Appellee and his companions were thrown through the windshield to the pavement in front of the car.

Appellee was taken by a passing motorist to the Surgical Out Clinic of the University Hospital, where it was found that he had sustained an injury to the left deltoid muscle, and a jagged laceration on the forehead, about 6½ centimeters in length, which extended to the periosteum for a length of two centimeters. The bleeding vessels in his forehead were ligated and his left arm put in a sling. The evidence shows that appellee carried his left arm in a sling for six or seven weeks, and that his forehead was bandaged for about two and a half weeks. He took heat and massage treatments for the injury to the shoulder muscle from the date of the accident to December 17, 1931. Appellee testified that he still had pain in his arm when there was a change in the weather, and that he suffered from headaches, especially in the right side of the head.

Appellee claims that at the time of the accident the lights on his car were burning; that he turned them on before he left Cedar Rapids; and that they were still burning after the accident had occurred.

Both young men who were with appellee on the night in question testified substantially as did appellee as to the manner in which the collision occurred, and with reference to the lights on appellee's car. Another witness for appellee testified that after the accident he walked over to appellee's automobile and that "the tail light was burning and the right front light."

Appellant Eldred See, on the other hand, claims that at the time of the accident he was driving at a speed of about 35 miles per hour; that he was driving on the right-hand side of the pavement and carefully watching the road; and that he had good lights on his car and could distinguish objects 150 feet ahead. He testified that the lights were not burning on appellee's car and that he did not see it approaching, but that it came around the curve on the wrong side of the highway and collided with his automobile.

A young woman was riding with Eldred See at the time of the accident. She testified in his behalf that he was driving about 35 miles per hour, and that she was watching the road and did not see appellee's car until it was about a car's length from the See automobile. She testified that appellee's automobile had one very

dim light burning on the left-hand side, and that said car was over the black center line and on the wrong side of the pavement just previous to the accident.

The night was clear and the pavement was dry.

As a result of the collision the See automobile was damaged, and Eldred See received some cuts and bruises, the particular injury complained of being one to his knee. At the time of the trial he was wearing an elastic bandage on the injured knee, and testified that it bothered him in doing physical labor and walking and that it gave him some pain.

Appellee's petition alleged the usual grounds of negligence and his own freedom from any negligence contributing to his injuries and damage, and asked for judgment against the appellants in the amount of $3,500.

Appellants filed separate answers and counterclaims, the answers being general denials. The counterclaim of appellant Jake See alleged damage to his automobile, due to appellee's negligence, and asked for judgment in the sum of $300. Eldred See in his counterclaim alleged the injury to his knee, and that same was caused by the negligence of appellee; alleged his freedom from contributory negligence; and asked for judgment in the sum of $2,000.

The cause was submitted to a jury, which returned a verdict for the appellee in the amount of $1,000.

At the outset, appellants allege misconduct of the jury, which consisted of certain statements said to have been made by the jurors in their discussion of the case in the jury room after retiring to deliberate upon their verdict. The appellants attached to their motion for a new trial affidavits of various members of the jury, some of which stated that the jury discussed issues not in the evidence. Appellee attached to his resistance affidavits of other jurors denying the statements set out in the affidavits of other jurors, and stating that the case was "decided upon the record as made at the trial, and in our deliberations, only the evidence in said matter was discussed and considered in arriving at our verdict."

This court, in the case of Becker v. Town of Churdan, reported in 175 Iowa, page 159, at page 169, said:

"Most, if not all, of the matters insisted upon inhered in the verdict and cannot be considered. * * * The trial court was justified in finding that there was no such misconduct on the part of any

of the jurors as would be ground for a new trial. Its conclusion on conflicting testimony is binding upon us."

And so in the case at bar, there being a conflict between the affidavits presented by the appellants and the affidavits presented by the appellee, the finding of the trial court is binding upon us.

Appellants complain bitterly of certain statements made by the attorney for the appellee in his closing argument to the jury. Exception was taken to only one statement. This court will not consider objections to statements made by counsel in argument, unless objection was made at the time the statement was made in the trial of the case. The statement complained of and objected to is that appellee's counsel stated: "Mr. Becker would not want a big scar on his forehead while going all over the state of Iowa trying these automobile cases." Counsel for appellee denied making the statement; but it appears in the record that Mr. Becker, counsel for appellants, in his argument to the jury had belittled the injuries and the scar on appellee's forehead. The appellee was a law student in the University of Iowa, expecting to become a lawyer, and appellee's counsel, in his closing argument, in answer to the statements made by appellants' counsel, made reference to the fact that such a scar was not a desirable thing upon the face of a lawyer who was required to appear in the trial of cases before jurors, and that Mr. Becker would not want such a scar on his own forehead in going about trying automobile cases. It seems to us that this was a legitimate argument.

Appellants complain of certain instructions given by the court to the jury. The basis of the complaint is that the court copied the pleadings word for word. A careful analysis of the statement made by the court shows that it is a fair and concise statement of the claims of the appellee.

Appellants complain that the court erred in instructing the jury on the question of contributory negligence. The court, in its instruction on contributory negligence, said: "By contributory negligence is meant such negligence or want of reasonable care on the part of the party injured as was a co-operating cause and directly instrumental in causing or bringing about the damages." This very instruction has been passed upon by this court in the very recent decision in Albert v. Maher Bros. Transfer Co., 215 Iowa 197, wherein this court said:

"Underlying appellant's complaint is the thought that the district court failed to tell the jury that contributory negligence which will defeat recovery is that negligence which contributes to the damage 'in any degree or in any way.' While it is true that the district court did not use the express terms 'in any degree or in any way,' yet, when the instruction is read as a whole, the meaning thereof is the same as if those words had been employed. Appellant did not ask for an elaboration, and, under all the circumstances, he has no just ground for complaint. In Towberman v. Des Moines City R. Co., 202 Iowa 1299, this court declared: 'It is well stated in Banning v. Chicago, R. I. & P. R. Co., 89 Iowa 74, at page 81, where we said: "If the injured party contributed in any way or in any degree directly to the injury, there can be no recovery." ' That quotation in the Towberman case was selected after a review of many decisions. We made the selection because of our desire to present the quotation as a model for future instructions. Such model later has been followed and approved. Stilson v. Ellis, 208 Iowa 1157; O'Hara v. Chaplin, 211 Iowa 404. To avoid confusion or uncertainty it will be well for trial courts to carefully follow this model in the future. Instead of using the word 'contributing,' the district court in the case at bar employed the words 'co-operating' and 'instrumental.' These words, when properly utilized, signify the equivalent of contributing. Likewise, there is no basis for complaint because the district court declared that the negligence which will bar appellee's recovery must contribute directly to the injury or damage. It was said, as above indicated, in Towberman v. Des Moines City R. Co. (202 Iowa 1299), supra: ' "If the injured party contributed in any way or in any degree *directly* to the injury, there can be no recovery".' (The italics are ours.) See, also, O'Hara v. Chaplin, (211 Iowa 404), supra; Stilson v. Ellis (208 Iowa 1157), supra. Under all the circumstances, therefore, there is no reversible error because of this instruction."

Appellants also complain of the instruction given by the court covering the "assured clear distance ahead" statute. Appellants claim that such statute does not apply to a case where two cars are approaching each other from opposite directions, and that is the only contention of error with reference thereto.

This identical question was raised in the case of Albert v. Maher Bros. Transfer Co., supra, and this court held adversely to such contention, and said:

"This argument thus advanced by appellant in effect was repudiated by this court in Sergeant v. Challis, 213 Iowa 57. On page 65 of the Sergeant case, we said: 'It is the duty of all persons using the highway to comply with this provision of the statutory law (the one requiring a stop within the assured clear distance ahead) ; but, if it appears from all of the evidence to the satisfaction of the jury that they could not reasonably do so, or that they have exercised ordinary care, that is, such care as an ordinarily careful and prudent person in the same circumstances would have exercised in this respect, then they are absolved from the statutory duty. * * * The instruction correctly quoted the statute, and is in all other respects abstractly correct.' Also in the case at bar the district court quoted the statute, as did the trial court in the Sergeant case (213 Iowa 57), supra. Appellant in the case before us made no request for amplification of the instruction, and therefore cannot now complain because the district court did not elaborate upon the subject."

Appellants also complain of certain other instructions given by the court. They are challenged largely because, standing alone, they might appear erroneous. Perhaps some were incomplete in themselves, but counsel must not forget the rule so well established by this court, that all the instructions are to be taken and construed together, and if, when so construed, they are complete, and none of them is affirmatively erroneous so that it could not be cured by subsequent ones without prejudice or conflict, they should stand.

Appellants also complain of the admission of certain evidence offered by the appellee after appellants had rested their case. It appears from the record that appellants asked to have the appellee submit to a physical examination by a doctor chosen by the appellants in Marengo. The appellee consented and was examined by the physician representing the appellants. After the appellants closed their case the appellee was called to the witness stand on behalf of the appellee, and testified, over objection by the appellants, that he was examined by a doctor designated by the appellants' counsel. The sole testimony that the appellee gave was that he was examined. The appellants did not call the doctor who examined the appellee. The appellants now complain that this testimony was not properly rebuttal testimony, as the appellants had offered no testimony or evidence as to appellee's injuries, doctor bills, hospital expense, or

anything pertaining to the injuries of the appellee. The evidence offered was not strictly rebuttal.

This court passed upon this same question in the case of Hess v. Wilcox, reported in 58 Iowa, on page 380. The court said:

"After the plaintiff and the defendants had rested their case, the plaintiff was permitted to introduce evidence which was not strictly rebutting. This action the defendants assign as error. This is a matter which rests very largely in the discretion of the court. Code, Sec. 2779 [Code 1931, Sec. 11485]. Unless an abuse of discretion is shown, the action of the court, in such regard, furnishes no ground of reversal. See Hubbell & Brother v. Ream, 31 Iowa 289; Crane v. Ellis, Id., 510; Boals v. Shields, 35 Iowa 231. No good could result from our reversing the case, simply to admit the same testimony in a different order, unless it should clearly appear that the defendants were prejudiced by the order in which the testimony was admitted. Such prejudice is not shown."

In the case at bar no good could come from a reversal of the case simply to admit the testimony in a different order, and we do not see where the admission of the evidence was such prejudicial error as to justify a reversal of this case on that ground alone.

Finally, the appellants claim that the verdict is excessive and not supported by the evidence, and that the verdict clearly appears to be the result of passion and prejudice. The record in this case shows that the appellee suffered personal injuries of both a temporary and permanent character; that the cut on his head was sewed up by the doctor at the University Hospital and appellee will have a permanent scar on his forehead; that his forehead was bandaged for about two and a half weeks; that he carried his arm in a sling for six or seven weeks and had no use of his arm for at least two weeks; and that for a period of some six or seven weeks he went daily to the University Hospital where he had treatments for his arm. He has suffered severe headaches, and still has headaches.

The appellants claim that he had no expense for medical or hospital treatment. The record shows that as a student at the University appellee pays a fee, which fee covers all medical services that the student needs during the period of time for which the fee is paid. Clearly it seems to us that a verdict in the amount of $1,000 upon this record cannot be said to be excessive.

Some other matters are argued by appellants. These matters have been considered, and they are not sufficient to warrant a change in the conclusion. Wherefore, the judgment of the district court must be, and it is hereby,—Affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.