THE McGREGOR & SIOUX CITY R'Y v. FOLEY ET AL.

1. **Contract**: CONSTRUCTION: TAX IN AID OF RAILROAD. In a contract between a railroad company and a township, which stipulated " that said company will not, and shall not, be entitled to draw out of the hands of the treasurer any money collected out of said tax, until said company shall have erected a depot within one mile of the village of New Hampton, in New Hampton township, the words "in New Hampton township," were merely descriptive. It was a compliance with the contract if the depot were erected within one mile of New Hampton village.

2. **Practice**: SPECIAL VERDICT. Where a special verdict was in conflict with the general verdict, the latter should have been set aside and judgment rendered on the special verdict.

*Appeal from Chickasaw District Court.*

FRIDAY, JUNE 19.

THIS suit is brought to compel the treasurer of Chickasaw county to collect a certain tax voted in aid of the plaintiff's railroad. There was a jury trial, resulting in a verdict and judgment for defendant. The plaintiff appeals. The facts of the case are stated in the opinion.

*Powers & Kenyon,* for appellant.

*Ayres & Shaver* and *L. L. Ainsworth,* for appellees.

MILLER, CH. J.—The action was first brought against W. W. Birdsall as treasurer of the county, but afterwards John Foley, his successor in office, was substituted. The petition alleges that a tax of five per centum was voted by the electors of New Hampton township, in said county, for the year 1868, to aid in the construction of the McGregor & Sioux City Railway; that said tax was duly levied, and was by the Clerk of the Board of Supervisors entered upon the tax books, and placed in the hands of the treasurer for collection; that the treasurer did, upon the receipt of said tax books, proceed to collect said tax and collected a part thereof, but neglects and refuses to collect the balance, although often requested to do so by plaintiff; that said tax is due and payable and that plaintiff will sustain injury if the treasurer does not collect the same, as he is in duty bound.

The answer of the treasurer is a general denial, and an allegation that plaintiff has parted with its interest in the tax.

A petition of intervention was allowed to be filed by Taylor Wheeler and others, in which it is denied that a tax was assessed as alleged; denied that any tax was legally voted; denied that the plaintiff has any interest in the tax, or that it is entitled thereto, for the reason that the petition does not allege that any money was expended in New Hampton township nor in the one contiguous thereto, &c.

A reply was filed denying all the allegations of the petition of intervention not admitted in plaintiff's petition.

There was no effort made on the trial to show that the tax was not regularly voted and levied as alleged, but it was sought to show that the plaintiff was not entitled to the tax under a written agreement, entered into by it with certain persons who had been appointed for that purpose by a mass meeting of the citizens of the township, which agreement is as follows:

"Know all men by these presents, that the McGregor & Sioux City Railway Company does hereby covenant and agree to and with New Hampton township, Chickasaw county, Iowa, that if said New Hampton township shall levy and collect a tax of five per cent. on the taxable property of said township, to aid said company in the construction of the McGregor & Sioux City Railway, that said company will not, and shall not, be entitled to draw out of the hands of the treasurer any money collected on said tax until said company shall have erected a depot within one mile of the village of New Hampton in said New Hampton township, and shall have the cars running on said road to said depot; and this instrument shall be and is hereby made the sufficient authority against said company to the treasurer of said Chickasaw county, to prevent the payment of any of said money to said company, or its order, until said railroad and depot are so constructed as above specified. But as soon as said railroad and depot are so constructed, then said company shall be entitled to draw such money as may then be collected, and the balance thereof as fast as the same shall be collected."

(*Signed.*)

"McGREGOR & SIOUX CITY RAILWAY COMPANY,

"By JOHN LAWLER,

*Vice Pres. McGregor & Sioux City Railway Company.*"

The plaintiff gave evidence showing that it had expended in the construction of its road in the township voting the tax the sum of $82,895.71, an amount many times greater than the amount of the tax, and there was no question made that the road was not built and running through the

township, but it was claimed that the depot was not located as specified in the written agreement. It was admitted by the parties that subsequent to the voting of the tax to the railroad, the forty acres upon which the depot is built, which were at the time of voting the tax in Dayton township, have become a part of New Hampton township by a change of boundary, that the depot is located within one mile of the village of New Hampton, and that the ground on which it is built was part of New Hampton township, when the depot was built, but was not within said township when the tax was voted; that the depot was located prior to the change of boundary, but erected afterwards. The plaintiff objected to these admissions going to the jury as evidence, for the reason that the written contract did not require the company to erect its depot in New Hampton township. The objection was overruled, and plaintiff excepted.

The jury returned the following special verdict:

" 1. Did the plaintiff demand of the treasurer, John Foley, that he should collect the tax?

" A. Yes.

" 2. Did defendant refuse to collect it?

" A. Yes.

" 3. Did plaintiff erect a depot within one mile of New Hampton village?

" A. Yes.

" 4. Did plaintiff erect a depot on grounds which were at the time of such erection in New Hampton township?

" A. Yes.

" 5. If so, was the ground on which it was erected a part of said township at the time the tax was voted?

" A. No."

Upon these special findings, and the undisputed facts of the case, no judgment could properly be rendered for the defendant. The general verdict for defendant should have been set aside on plaintiff's motion, or, what would have been more proper if plaintiff had moved therefor, judgment for plaintiff on the special verdict should have been entered. Code, section 2809.

2 PRACTICE: special verdict.

The contract, in stipulating that the railroad company shall " erect a depot within one mile of the village of New Hampton, in New Hampton Township," before it should be entitled to receive any of the tax voted, did not require the company to erect the depot within one mile of the village of New Hampton, *and* within the township of the same name. It was a compliance with this stipulation when the plaintiff erected its depot within one mile of the village, although the depot was built upon ground which was in another township from that of the village. The words, "in New Hampton Township," are descriptive of the location of the village of New Hampton. The depot was to be erected within one mile of. the village of New Hampton, located in New Hampton Township. In order to give the contract the effect claimed by appellee it should have read "within one mile of the village of New Hampton, *and* in New Hampton Township." But this is not the reading nor the meaning of the language used. The special verdict shows a compliance with the terms of this written agreement on behalf of the plaintiff, instead of a failure to comply therewith as claimed by appellees, and upon which theory the court and jury acted.

The judgment will be reversed and the cause remanded with directions to the court below to render judgment on the special verdict for plaintiff.

REVERSED.