ALDRICH v. PRICE & Co.

57   151
90   374

57   151
137  566

1. **Contract:** CHANGE OF: SPECIAL FINDINGS. In this case it was held, that the special findings of the jury showed that the written contract was substantially abandoned; that a new oral contract was entered into by the parties; and that the general verdict must have been based on such oral contract.

2. **Practice.** The special findings being inconsistent with the general verdict, no judgment should have been rendered on the verdict.

3. ————: EXCEPTION: TRANSCRIPT. On rehearing; *held*, that the overruling of defendant's motion, having been excepted to, it was not necessary to except to the judgment on the verdict; and that appellee having failed to ask for a transcript or object to the submission on the abstract filed, the case would be determined on its merits.

*Appeal from the Superior Court of Cedar Rapids.*

TUESDAY, OCTOBER 25.

THE original petition states that the plaintiff and defendants entered into a written contract whereby the plaintiff was to furnish the required timber and cut and hew ties and deliver the same to the defendants at any point on the grade of the Iowa Southwestern Railroad Company for which the defendants were to pay him forty cents for each tie. By the terms of this contract the plaintiff also agreed to deliver certain timber cut into suitable length for ties at the saw-mill of defendants and after the ties were sawed plaintiff was to deliver the same on said grade, for which defendants agreed to pay him thirty cents for each tie. Performance on his part was alleged and that defendants had failed to pay as required by said contract.

In an amended petition it is stated the defendants "waived the delivery of the ties mentioned in the contract sued on at the points designated in said contract, and the same were afterward delivered to and accepted by defendants under said contract during the spring, and summer and fall of 1872. That the defendants by their own acts prevented a delivery of and refused to accept said ties except in the manner and at the places and terms above specified, and caused a delivery as above indicated. Whereby and because thereof defendants are now estopped from urging as a defense that the plaintiff has in any manner failed to make a delivery of said ties in accordance with the terms and places fixed in said contract. That the waiver referred to was by parol."

The defendant pleaded a general denial, the statute of limitations, and that before the delivery of any of the ties the firm of John R. Price & Co. was dissolved, and that W. Phinney, one of the members thereof and a defendant in this action, entered into a verbal arrangement whereby it was mutually agreed plaintiff should not deliver such ties to defendant at the place mentioned in the written contract, and the same was rescinded and abandoned by the plaintiff and the said Phinney, and the plaintiff agreed to deliver the said ties to said Phinney on the line of the Tipton branch of the North Western Railroad about five miles distant from the point of delivery mentioned in the written contract, and the said Phinney agreed to pay plaintiff the amount provided in said written contract, and an additional compensation for hauling of five cents per tie. There was a trial by jury and a general verdict for the plaintiff for $541.53. Interrogatories were propounded to and answered by the jury. The defendants moved the court to arrest the judgment and for judgment on the special findings. Both of which were overruled, and judgment rendered on the general verdict for the plaintiff. The defendants appeal.

*H. W. Gleason* and *Williams & McMillan*, for appellants.

*Rickle, West & Eastman*, for appellee.

SEEVERS, J.—Counsel have discussed the question whether the firm of John R. Price & Co. was dissolved, and if so, its effect on the rights of the plaintiff. In the view we take of the case this is immaterial. It will, therefore, be conceded no such dissolution took p'ace.

It is conceded, as we understand, by counsel, if the action was brought and the recovery had on the written contract it is not barred. Counsel for the appellants insist the recovery was obtained on and because of the parol contract pleaded, and therefore, the bar of the statute is complete. Counsel for appellee do not deny the legal proposition claimed by the appellants, but the fact. They insist the action was brought and recovery had upon the written contract, and what appellees designate an oral contract was nothing more or less than a waiver of a strict performance of the written contract, and an acceptance by the appellees of another or different performance.

1. CONTRACT: charge of: special verdict.

The interrogatories propounded to and special findings of the jury are as follows.

1. Where were the ties in issue in this action actually delivered by the plaintiff?

Ans. On the Tipton Branch of the Chicago and North Western Railroad.

2. Was there a contract between the plaintiff and Wm. Phinney, that the said ties were to be delivered on the Tipton Branch of the Chicago and Northwestern Railroad, instead of the point designated in the written contract?

Ans. There was.

3. Was said contract by parol or in writing?

Ans. By parol.

4.   What was said contract and what were its terms?

Ans.   Contract was that the ties were to be delivered on the Tipton Branch of the C. & N. W. Railroad Co., and that the defendant should haul enough to make up extra distance.

12.   Was it agreed by parol between the plaintiff and said Phinney, that the said ties should not be delivered at the point designated in the original contract, but that instead they should be delivered on the Tipton Branch of the Chicago & Northwestern Railroad?

Ans.   Yes.

It seems to us the special findings quite satisfactorily show there was a parol contract entered into between Phinney and the plaintiff whereby the written contract was materially changed, substantially abandoned, and a new oral contract entered into with the terms and conditions of which the plaintiff complied.   There is no pretence the written contract was performed by either party.   The special findings do not support the claim of the plaintiff that there was a waiver of performance of written contract.   Clearly the special findings do not so state in terms.   Besides they negative such thought.   Waiver of performance is quite different from a new contract containing other and different stipulations of an affirmative character. Now the jury have without doubt found there was a parol contract entered into by the parties.   They have not found there was a waiver of the written contract, unless such inference is to be drawn because the former took the place of the latter. If this be conceded then as the written contract was not in force, the recovery, if had at all, must be based on the oral contract.

The written contract bound the plaintiff to deliver the ties by the first day of March, 1872.   The amended petition states they were not delivered until the summer and fall of 1872.   The special findings taken in connection with what has been just stated, show that by the terms of the oral contract the time and place of delivery were changed, and also as we think the com-

pensation or price to be paid the plaintiff. For while the price stipulated in the written contract was not expressly changed, yet because of the increased distance of delivery agreed upon, the plaintiff was required to deliver at such place only a portion instead of all the ties. This necessarily increased or diminished what the plaintiff had bound himself to do and in like manner affected the compensation provided in the written contract.

Under the special findings of the jury we are of the opinion the recovery was had on the oral contract, and thereunder the 2. PRACTICE. jury must have found the general verdict. This being so no judgment should have been rendered on the latter, but the motion of defendants for judgment in their favor on the special findings should have been sustained. *McGregor and Sioux City R. R. v. Foley*, 38 Iowa, 588.

REVERSED.

ON REHEARING.

SEEVERS, J.—A rehearing is asked by counsel for the appellee upon the following grounds:

1. No motion, it is said, was filed for judgment on the special verdict, and no exception was taken to the judgment. 3. ———: exception: transcript. The abstract shows what is called a motion in arrest of judgment was filed upon the ground "that the pleadings and facts found by the jury in the special verdict show that the verdict is excessive, and that there should be a judgment for defendant for costs, and plaintiff is entitled to judgment for no amount whatever." This motion was overruled, and defendant excepted. We think the motion clearly asked for judgment for the defendant for costs on the pleadings and special verdict. As the overruling of the motion was duly excepted to, it was unnecessary to except to the judgment afterward rendered.

II. It is said, the judgment should have been affirmed on motion, because the abstract had not been agreed to, and no

transcript was filed. Nothing was said in the opinion in relation to the motion, because at the time it was filed we supposed the bar understood the practice to be that we would not affirm a judgment for the reasons above stated, but would order a transcript filed when one was desired. We have again looked into the record, and fail to find the appellee asked for a transcript or objected to the submission upon the ground the abstract was not full and perfect. It is true, it is said at the close of appellee's argument, the abstract was not full and complete, and that the record was in the hands of counsel for appellants, and therefore, counsel for the appellees were unable to file a full and complete abstract, but no relief was asked in this respect. Under such circumstances, we were bound, we think, to determine the case on the merits (as presented by the abstract).

III. We have again examined the record, in view of what is said in the petition for a rehearing, as to the correctness of the opinion, and feel constrained to say our convictions are unchanged. Counsel are mistaken in supposing we overlooked evidence to which our attention is called. Under it there might be doubts whether a new contract was entered into. A finding by the jury either way would probably not be disturbed. But as will be seen from the foregoing opinion, we construed the special verdict as finding there was such new contract, and counsel have not, in the petition for a rehearing, controverted the correctness of such construction. It therefore must necessarily follow, we think, the conclusion reached is correct. The former opinion is adhered to.