M. A. HOYT, EXECUTOR, Appellant v. R. T. HOYT, ADMINISTRATOR OF THE ESTATE OF J. D. HOYT.

**Appeal:** EXCEPTIONS: REVIEW. Where the record shows that an exception was taken to the overruling of a motion for a new trial the appeal will not be dismissed, although no exception was taken to the instructions or judgment of the court.

**Same.** Where exception has been taken to the introduction of certain evidence and to the ruling on the motion for new trial there may be a review of the question thus raised, although no exception was taken to the final judgment.

**New trial:** MISCONDUCT: AFFIDAVITS OF JURORS. The affidavits of jurors tending to show that members of the jury were influenced in arriving at the verdict by the statements of fellow jurors, regarding matters wholly foreign to the record, are not competent in support of a motion for new trial on the ground of misconduct of the jury; but regardless of the question of competency the showing made by counter affidavits in the instant case warranted the court in overruling the motion.

**Appeal:** BRIEFS: ARGUMENT. An appellant who assigns as error rulings upon the introduction of evidence, but makes no reference thereto in his brief of points and law, is not entitled to a review of the rulings upon appeal under a strict enforcement of the rules of the Supreme Court.

**Estate of decedents:** CLAIMS: EVIDENCE. Where a claim against an estate is resisted on the ground that it is excessive, it is competent to show that as made by the original pleadings it was much less than that embraced in an amended petition upon which the case was tried.

**Same:** CARE OF DECEDENT. Under the evidence it is held that the amount of nursing and care bestowed on an old and infirm man, and the amount to be allowed therefor were questions for the jury; and the verdict was not so inadequate as to indicate passion and prejudice.

*Appeal from Jackson District Court.*— HON. A. J. HOUSE, Judge.

TUESDAY, MARCH 10, 1908.

The opinion states the case.— *Affirmed.*

*Thomas & Thomas,* for appellant.

*W. C. Gregory* and *Weeks & Hughes,* for appellee.

SHERWIN, J.— This suit is on a claim filed by M. A. Hoyt as the executor of the estate of his sister, Mary A.

Hoyt, for nursing, labor and care rendered the said Joseph D. Hoyt during his lifetime. The petition alleged two grounds for a recovery: First, that there was an express oral contract between Mary A. Hoyt and her brother, Joseph D. Hoyt, whereby the latter agreed to pay the said Mary A. Hoyt the reasonable value of the service which she afterwards rendered; and, second, for the reasonable value of necessaries furnished said Joseph D. Hoyt during his lifetime. The claim was resisted by the defendant on the ground of the mental incapacity of the said Joseph D. Hoyt at the date of the alleged contract, and, further, because the services rendered by the said Mary A. Hoyt were gratuitous, and not of the value claimed or of any value whatever. There was a trial to a jury, and a verdict for the plaintiff for $500. Judgment was rendered for the plaintiff on the verdict, and he appeals.

Before going to the merits of the controversy, it is necessary to determine a preliminary matter. The appellee filed a motion to dismiss the appeal for the reason that the record shows that no exception was taken to the judgment herein, nor to the instructions given 1. APPEAL: exceptions: review. by the trial court, or the ruling on a motion for a new trial, and this motion was ordered submitted with the case. It is true that no exception was taken to the judgment, and it is also true that no exceptions were taken to the instructions, but the record shows that the ruling on the motion for a new trial was properly excepted to.

The appellant asks for a reversal of this case on several grounds. His principal contention is that the verdict is inadequate, and so greatly so as to indicate passion and prejudice on the part of the jury. He also relies for a reversal upon the misconduct of certain of the jurors, and upon erroneous rulings on the introduction of evidence. The alleged misconduct of the jurors was presented to the trial court in the motion for a new trial, which was filed and ruled upon before the judgment was rendered and entered herein.

In support of his motion to dismiss, the appellee relies on the rule that this court will not review on an appeal a judgment to which exceptions have not been duly taken, and

2. SAME.                this is of course the rule in certain cases, but it does not follow that the motion should be sustained in this case because thereof. The rulings on the introduction of evidence which are complained of seem to have been properly excepted to when they were made, and the ruling on the motion for a new trial was also excepted to, as we have heretofore said. It has long been the rule of this court that where intermediate rulings have been properly excepted to they may be considered by this court on appeal though no exception has been taken to the judgment itself. Thus, in *Haefer v. Mullison*, 90 Iowa, 372, it was held that the ruling on a demurrer which was properly excepted to would be considered on an appeal notwithstanding the fact that no exception was taken to the judgment. In *Barnhart v. Farr*, 55 Iowa, 366, an exception was duly taken to a conclusion of law found by the trial court, but no exception was taken to the judgment, and in that case we held that the formal judgment was based upon the conclusion of law which was excepted to, and that such exception was sufficient to enable us to review the case. The same rule was applied in *Jordan v. Kavanaugh*, 63 Iowa, 152. In *Aldrich v. Price*, 57 Iowa, 155, it was held that, where the overruling of a motion which asked for judgment was excepted to, it was unnecessary to except to the judgment afterward rendered. The ruling on the motion for a new trial having been excepted to, and the various rulings complained of on the introduction of evidence having also been properly excepted to, the case falls within the rule of the cases cited, and the motion to dismiss must be overruled. However, the record shows that no exception was taken to the instructions given by the court, and there being no exception to the judgment the instructions cannot be reviewed, and we shall give them no further consideration.

The misconduct of the jurors which is relied upon for a reversal of the case is based upon the affidavits of three of the jurymen who served in the case, all of which allege sub-stantially that: After they had retired to their room and were discussing the question, and before a verdict had been reached, one of the jurymen remarked in the hearing of the other members of the jury that some "person or persons had told him that M. A. Hoyt, executor of the estate of Mary A. Hoyt, de-ceased, and the plaintiff in this case, was rich, and worth in the neighborhood of a million dollars; that he did not need it, and if a verdict was given by the jury, he would get it all." It was further alleged in the affidavits that the matter was talked over by several of the jurors, and that it was stated by some of them that they "weren't going to give him anything if they could prevent it." The affidavits also al-leged that it was "further talked that Mary Hoyt had never filed a case against the defendant, or shown any disposition or inclination to claim any amount whatever." There were some other allegations of a similar nature in the affidavits, but they need not be more particularly noticed. The other jurors who were engaged in the case made affidavits which were filed in resistance to the motion for a new trial, alleg-ing that no such statements were made in their hearing, and two of the jurors who had made the affidavits in support of the motion for a new trial made additional affidavits modi-fying somewhat their previous statements, and both show-ing that they had not been influenced in any way thereby. Aside from the legal question involved, it is manifest that the trial court was fully justified in overruling the motion on this ground, because of the strong showing made in re-sistance thereto. It must be found from the record, we think, that the jurors who made the supporting affidavits were mistaken as to the conversation they alleged took place in the jury room. But if it be conceded that the statement was made as claimed by the appellant, it was insufficient to

3. NEW TRIAL: misconduct: affidavits of jurors.

warrant the court in granting a new trial because, if true, and if it was considered by the jury in their deliberations on the case, it would necessarily inhere in their verdict, and for that reason could not be considered. It is well settled in this State that it is not competent to impeach a verdict by affidavits showing that a juror was unduly influenced by statements of his fellow jurors outside of the record of the case. *Purcell v. Tibbles,* 101 Iowa, 26; *Clark v. Van Vleck,* 135 Iowa, 194.

The appellant has assigned many errors on the rulings on the introduction of evidence, but in his brief of points and law he makes no reference thereto, and, under the rules

4. APPEAL: briefs: argument.

obtaining in this court, he is not, strictly speaking, entitled to a consideration of the matters complained of; but notwithstanding this, we have given the record careful consideration, and reach the conclusion that no prejudicial error was committed by the trial court in the respect indicated. The most serious objection relates to the admission of testimony tending to show the mental condition of Joseph D. Hoyt immediately prior to and at about the time the contract sued on was alleged to have been made, but inasmuch as the jury found a verdict for the plaintiff without in any way indicating its conclusion as to the mental soundness of the deceased, we cannot say that any of the testimony complained of was prejudicial to the plaintiff.

The appellant further complains because the court permitted the defendant to show that the plaintiff's original claim was for a much smaller sum than was claimed in the amended

5. ESTATES OF DE-CEDENTS: claims: evidence.

and substituted petition on which the case was tried. While it is true that the law is liberal in permitting amendments to pleadings, and that a party may amend his claim by increasing or diminishing it, it is still true, we think, that, in cases of this kind particularly, it is competent to show that the final claim made against an estate has been greatly enlarged. The

claim was resisted on the ground that it was excessive and unjust, and we think it was competent for the defendant to show by the pleadings of the plaintiff what his various claims for the same service had been.

The appellant seriously urges that the verdict is inadequate, and that it is apparent from the amount allowed that the case was not considered dispassionately by the jury, but we are confident he is wrong in this. The evidence shows without any question that the deceased J. D. Hoyt lived with the plaintiff's testate for a little over three years immediately preceding his death. There is no question but what she gave to him all of the care and nursing that his physical and mental condition required, and that she was everything to him that an affectionate sister should have been. But this alone does not fix a definite amount which her estate is entitled to recover for such service. There is a sharp conflict in the evidence as to the condition of J. D. Hoyt during this period. The sum of the plaintiff's testimony tends to show that he was, during all of said time, in an extremely weak physical and mental condition, and that on account thereof he required almost constant personal attention, and, if this condition were shown without conflict, there could be little question as to the inadequacy of the verdict in this case; but the testimony offered on the part of the defendant fairly sustains his contention that, during the greater part of this time, the deceased was in fair mental and physical condition, and was fully able to care for himself, and to do the ordinary chores and work around the yard and barn of the plaintiff. In other words, that while he was advanced in years, he was by no means helpless or unable to fully care for himself except for two or three brief periods during the entire time. The amount of care and personal attention bestowed upon him was, therefore, a question for the jury, as was also the amount which should be allowed the plaintiff for such service.

As we have heretofore said, we have given the record care-

6. SAME: care of decedent.

ful examination, and we reach the conclusion that the verdict is not so small as to indicate passion or prejudice on the part of the jury, and that we should not disturb it, under all the facts and circumstances appearing in the record. The case in our judgment is one for an affirmance.— *Affirmed.*