ELLIS B. HACKADAY, administrator of estate of Robert J. Hackaday, deceased, appellant, v. CHARLES BRACKELSBURG, appellee.

No. 49211.

(Reported in 85 N.W.2d 514)

OCTOBER 15, 1957.

Boyd, Walker, Huiskamp & Concannon, of Keokuk, for appellant.

F. S. Fillmore, of Des Moines, and Joseph L. Phelan, of Fort Madison, for appellee.

GARFIELD, J.—The question presented is whether it was an abuse of discretion to deny plaintiff's motion for new trial on grounds of misconduct of a juror and defendant's attorneys. We hold with some reluctance it was not.

. The action was at law to recover for the death of plaintiff's decedent from injuries received while a passenger in defendant's automobile. Count I of the petition alleges decedent was riding with defendant as a passenger for their mutual, definite and tangible benefit and decedent's fatal injuries were caused by defendant's negligence. Count II states decedent was a guest in the automobile and his fatal injuries were caused by defendant's reckless operation of it. (See the guest statute, section 321.494, Code, 1954.) There was a jury verdict for defendant. Plaintiff's motion for new trial was overruled and he appealed.

I. The motion for new trial charges misconduct of juror Abell and each of defendant's two attorneys. The juror's claimed misconduct presents the strongest ground. Attached to the motion were affidavits of five jurors. Olivia Grice and Paul Mahannah each swore that during the jury's deliberations juror Abell stated in the presence of affiant and many of the jurors in substance that Abell asked defendant's attorney Mr. Fillmore if he was representing an insurance company and Fillmore said he was not. Mahannah's affidavit also states that when the jurors were preparing to vote on the question whether decedent was riding for the mutual benefit of the parties juror Abell said, "Will this cost this boy [defendant] anything? For I am not going to vote for anything that will cost this boy."

Juror Pearl Evers' affidavit says Abell made the statement just quoted from Mahannah's affidavit. Jurors Elsie Goodrich and Grace Ensminger made affidavit that Abell indicated at the outset of the deliberations his mind was made up, he was opposed to finding against defendant, at one time during deliberations Abell said he was not going to find against defendant and would stay there all night if necessary, he was at no time during the deliberations receptive to any arguments in plaintiff's favor.

Attached to defendant's resistance to plaintiff's motion were affidavits of Mr. Fillmore and nine jurors, including four whose affidavits were affixed to plaintiff's motion. Mr. Fillmore swore that during an adjournment of court juror Abell asked him on the steps leading to the courtroom, " 'Are you a life insurance representative?' " and in response he laughed and answered "A lawyer" and that he (Fillmore) assumed the remark was merely an aside without significance.

The foreman of the jury made a long affidavit, the substance of which is that the jury reached its verdict conscientiously upon the evidence and court's instructions, several times jurors mentioned insurance and affiant said it should not be discussed as it had nothing to do with the case, and he was not prejudiced by anything said in argument of the attorneys or by any juror.

Other affidavits attached to defendant's resistance are shorter than the foreman's and say in substance that the verdict was based on the evidence and court's instructions and while there was some talk of insurance from different jurors it did not affect affiant's vote. Six of the affidavits are substantially identical and another is very similar. The remaining affidavit (of juror Hamburger) is longer than the seven just referred to. It contains substantially the same statements found in the seven and also says, "During the deliberations I heard * * * the statement from Mr. Abell concerning the statement supposedly made by Mr. Fillmore to him relative to insurance, but such statements in no way controlled my thinking or prejudiced my vote."

None of the affidavits attached to defendant's resistance controverts the statements in the affidavits of Olivia Grice and Paul Mahannah, affixed to plaintiff's motion, as to what juror Abell said in the jury room about his talk with Mr. Fillmore. Abell made no affidavit. Of course Fillmore's affidavit states the talk he had with Abell was different from the account Abell is said to have given of it in the jury room.

Although we find no evidence on the point it seems to be impliedly conceded Mr. Fillmore was employed by an insurance company.

The order denying a new trial recites: "The court is firmly of the opinion Mr. Fillmore should have reported the fact one of the jurors made some remark to him with reference to insur-

ance. The harm if any, as the court sees it, is not in what Mr. Fillmore thought the juror said to him, but what the juror conveyed into the jury room. Mr. Fillmore is too experienced a trial lawyer not to know what the juror was trying to ascertain, —or what was in his mind when he asked the question.

"While the jury is not supposed to consider the question of insurance, * * * it should, in the opinion of the court, be just as improper for a party to say there is no insurance involved when insurance is involved, as for plaintiff to inject the fact that defendant is covered by an insurance carrier. However, the court is also of the opinion that this fact does not warrant the sustaining of the motion for new trial."

█ II. It was proper for plaintiff to show by affidavits of the jurors the facts of what transpired in the jury room that he claimed was misconduct. Keller v. Dodds, 224 Iowa 935, 940, 277 N.W. 467; In re Estate of Murray, 238 Iowa 112, 119, 120, 26 N.W.2d 58, 62, 63; Hicks v. Goodman, 248 Iowa 1184, 1195, 85 N.W.2d 6, 12.

█ However, statements in the jurors' affidavits attached to defendant's resistance to the motion for new trial to the effect the verdict was based on the evidence and instructions of the court, uninfluenced by what juror Abell is claimed to have said, should not be considered. We have repeatedly held that although what transpired during deliberations of the jury may be shown, affidavits of jurors are not competent to show whether the verdict was, or was not, affected by what happened. Whether the verdict was so affected is a matter of opinion which inheres in the verdict. Conway v. Alexander, 200 Iowa 705, 710, 205 N.W. 351; State v. Siegel, 221 Iowa 429, 432, 264 N.W. 613, 615; State v. Warren, 242 Iowa 1176, 1190, 47 N.W.2d 221, 229; Hicks v. Goodman, supra, 248 Iowa 1184, 1195, 85 N.W.2d 6, 12.

█ Under the above rules it was proper for the trial court to consider the statements in the foreman's affidavit that each time insurance was mentioned in the jury room he stated it should not be discussed and had nothing to do with the case. Such statements were of fact, not mere opinion.

█ To justify granting a new trial because of misconduct of jurors it must appear the misconduct was calculated to, and it is reasonably probable did, influence the verdict. Fagen Ele-

vator v. Pfiester, 244 Iowa 633, 641, 56 N.W.2d 577, 581, and citations; Krieg v. Grant, 248 Iowa 396, 405, 80 N.W.2d 724, 729; Mongar v. Barnard, 248 Iowa 899, 908, 82 N.W.2d 765, 771–2. Much to the same effect is Hicks v. Goodman, supra, 248 Iowa 1184, 85 N.W.2d 6.

 The trial court had a good deal of discretion in passing on plaintiff's motion for new trial. It must be assumed he was of the opinion juror Abell's misconduct probably did not influence the verdict. Unless it is reasonably clear this ruling was an abuse of discretion we will not interfere. See citations last above, also Turner v. Hansen, 247 Iowa 669, 674, 75 N.W.2d 341, 343.

While of course the conduct of juror Abell as shown by plaintiff's affidavits is not to be approved we are not persuaded the trial court's ruling was a clear abuse of discretion. As the foreman's affidavit states he cautioned the other jurors, the question whether defendant was or was not protected by liability insurance had nothing to do with the case and any conscientious juror should give it no consideration. We have held it was not error to deny a defendant a new trial where a juror told the other jurors defendant must have carried insurance. Keller v. Dodds, supra, 224 Iowa 935, 938, 277 N.W. 467. The claim of juror's misconduct here seems no stronger than in the cited case.

See also in support of our holding on the claim of misconduct of the juror: State v. Siegel, supra, 221 Iowa 429, 264 N.W. 613; Conway v. Alexander, supra, 200 Iowa 705, 710, 205 N.W. 351; State v. James, 198 Iowa 976, 978–9, 200 N.W. 577, where, as here, the juror charged with misconduct did not deny the statement he is said to have made.

Plaintiff strongly relies upon Lynch v. Kleindolph, 204 Iowa 762, 216 N.W. 2, 55 A. L. R. 745, which reversed an order denying a new trial where the successful defendant and a juror, during a noon recess of the trial, rode together to defendant's home in his automobile, had dinner together, looked over the premises where defendant lived and then returned together to the trial, even though the action on trial was not mentioned. We think the cited case is not similar to the present one. There a litigant extended a favor to a juror which the latter accepted

and the two associated together for a substantial time. Nothing of that kind appears here.

State v. Neville, 227 Iowa 329, 288 N.W. 83, also cited by plaintiff, is much like Lynch v. Kleindolph, supra, on principle. In the Neville case a juror rode with the prosecuting attorney three different days between her home and the place of the trial, twenty miles distant.

III. Another ground of plaintiff's motion for new trial is claimed misconduct of Attorney Fillmore in having the conversation with juror Abell heretofore discussed. As previously indicated and as plaintiff apparently feels, we think this ground is less strong than that based on the juror's misconduct. This is because there is no denial of what Abell said in the jury room regarding his conversation with Fillmore but the latter's affidavit raises a clear dispute as to what the conversation between him and Abell actually was. If Fillmore's affidavit is accepted as true there is little basis for a charge he was guilty of misconduct which probably influenced the verdict.

Where the facts on which a claim of misconduct is based are in dispute we will not interfere with the trial court's determination of the matter if supported by substantial evidence. Such determination has about the same force as a jury verdict. See Klein v. Swift & Co., 248 Iowa 563, 566, 567, 81 N.W.2d 469, 471–2, and citations; Mongar v. Barnard, supra, 248 Iowa 899, 908, 82 N.W.2d 765, 771. Mr. Fillmore's affidavit constitutes substantial evidence that his conversation with juror Abell was as therein stated. Denying a new trial on this ground was not an abuse of discretion.

IV. The remaining ground of plaintiff's motion for new trial is alleged misconduct of defendant's attorney Mr. Phelan in saying to the jury in his final argument that a verdict against defendant for $20,000 (the amount prayed for) would cost defendant about $50 a month for the rest of his life and he was probably not making much more than that in the armed service of the United States. It is said this statement was especially effective when tied in with the misconduct of juror Abell. Under the circumstances here we are not persuaded it was an abuse of discretion to deny a new trial on this ground.

It was testified at the trial defendant was then in the air force and was back on furlough. We are told he was in uniform at the trial. Of course there is no evidence of what his pay was. But obviously it would take him a great many years to pay $20,000 from his compensation as an enlistee in the air force. Mr. Phelan's argument was thus quite largely an expression of opinion upon a self-evident fact. Of course we do not approve any reference in argument to the worth or poverty of a litigant and do not approve what was said here. See Burke v. Reiter, 241 Iowa 807, 815–6, 42 N.W.2d 907, 912; Book v. Erskine & Sons, 154 Ohio St. 391, 96 N.E.2d 289, 32 A. L. R.2d 1, 6, and annotation 9, 27–34; Annotation 78 A. L. R. 1438, 1452.

In any event there are two considerations which clearly militate against a reversal on this ground. In the first place no objection was made to the argument until plaintiff's motion for new trial was filed twenty-six days after return of the verdict. (Evidently the allotted ten days time for filing such motion was extended although the record does not show it.) We have recognized that misconduct in argument may be so flagrantly improper and evidently prejudicial it may be a ground for new trial even though no exception was taken at the time the argument was made. Connelly v. Nolte, 237 Iowa 114, 126, 21 N.W.2d 311, 317, and citations. But the misconduct complained of here is not of that kind.

As a rule, objection that argument is improper must be made at the time of the argument and not withheld until after an adverse verdict. What is said in Agans v. General Mills, Inc., 242 Iowa 978, 984–5, 48 N.W.2d 242, 245–6, is applicable here:

"When (or if) counsel on either side oversteps the bounds of proper argument, prompt steps should be taken by the other to make the event of record when the matter is fresh in everyone's mind, and the trial court given opportunity to take whatever proper steps are possible to repair the damage without necessitating a trial anew. [Citation] * * *

"Counsel for defendants were apparently not disturbed by the argument when made. They might have moved promptly for a mistrial then or at the close of the argument. They elected

to await the jury's decision, if indeed they thought any serious error had been committed. Like the trial court we are powerless now to grant them relief. * * *."

To like effect are Sparks v. Long, 234 Iowa 21, 31, 11 N.W.2d 716, 721–2; Connelly v. Nolte, supra, 237 Iowa 114, 126, 21 N.W.2d 311, 317, and citations; Annotations 32 A. L. R.2d 9, 86, 87; 78 A. L. R. 1438, 1527.

Plaintiff's counsel seek to excuse their failure to object to Mr. Phelan's argument at the time it was made on the ground they did not then know of the conversation between juror Abell and Mr. Fillmore which, they say, made the argument the more objectionable. But we think this cannot be accepted as an adequate excuse.

The second of the two considerations before referred to which militate against a reversal upon this claim of misconduct is that it does not appear Phelan's argument was not in response to argument for plaintiff. No record was made of any of the arguments except the belated record of the part of Phelan's argument to which plaintiff objects. We have frequently held where the argument for the complaining party was not preserved it will be presumed, nothing appearing to the contrary, that the argument complained of was a legitimate response to the opposing argument. Connelly v. Nolte, supra, 237 Iowa 114, 127–8, 21 N.W.2d 311, 317–8, and citations; State v. Case, 247 Iowa 1019, 1029, 75 N.W.2d 233, 240, and citations. For other decisions to like effect see annotation 32 A. L. R.2d 9, 100.

Although we do not approve the conduct of juror Abell or that of defendant's attorneys if it was as plaintiff asserts, we are not prepared to hold it was a clear abuse of discretion to deny plaintiff's motion for new trial upon the grounds urged, considered separately or together.

V. Defendant has argued at length, in effect, that denial of a new trial was not prejudicial to plaintiff since, defendant says, the evidence was insufficient to warrant submission to the jury of either count of the petition and defendant was entitled to a directed verdict. Of course the conclusions above expressed make it unnecessary to decide this question. However, since both sides have argued it fully we will say for the benefit

of counsel and litigants we think there was sufficient evidence to warrant submission of Count I to the jury but insufficient evidence of reckless operation of defendant's automobile. to justify submission of Count II. Thus denial of a new trial as to Count I may not be deemed without prejudice to plaintiff.— Affirmed.

HAYS, C. J., and BLISS, WENNERSTRUM, SMITH, THOMPSON, LARSON, and PETERSON, JJ., concur.