Mrs. NELLIE STITES, appellant, v. DES MOINES TRANSIT COMPANY, appellee.

No. 49232.

(Reported in 85 N.W.2d 905)

NOVEMBER 12, 1957.

Abramson & Myers and Harlan D. Hockenberg, all of Des Moines, for appellant.

Dale S. Missildine, of Des Moines, for appellee.

HAYS, C. J.—Action for damages for personal injuries allegedly sustained as a result of a fall while alighting from defendant's bus. The petition is in two counts. Count I relies upon the res ipsa loquitur doctrine. Count II is bottomed upon specific acts of negligence. On motion, Count I was stricken. Count II was submitted to a jury with a resulting verdict for defendant. Plaintiff appeals.

Appellant assigns three alleged errors: (1) Dismissal of Count I, (2) the giving of Instruction No. 7, and (3) refusal of a new trial based on misconduct of the jury.

There is no marked dispute in the record as to the facts. Defendant-company operates buses upon the streets of the city of Des Moines for the general use of the public. On the date in question, at about 4:30 p.m., during a snow storm, the plaintiff boarded the bus at Sixth and Locust in downtown Des Moines and went to East Twenty-fourth and Walnut, arriving at about 5:10 p.m. At this point plaintiff left the bus and as she stepped on the first of the two steps she slipped and fell, sustaining the injuries complained of. It appears that the motorbus in question left the carbarn at West Twenty-fourth and Ingersoll at 3:55 p.m. It was snowing at the time. It went to Forty-eighth and Ingersoll to the turn around and then proceeded to East Thirty-third and Easton Boulevard, at which point the motorman sprinkled both the steps and inside the bus with sand and salt. It proceeded east picking up and discharging passengers. As it went out East Grand and onto Walnut, the bus was loaded, with passengers standing. As passengers boarded the bus snow from their shoes was deposited on the steps and in the bus. There is no question but that at the time plaintiff left the bus the steps were covered with snow and slush, or ice as claimed by plaintiff. No attempt was made by the motorman to clean the steps after leaving East Thirty-third and Easton, a distance of about six miles from the place where the accident happened.

I. Count I of the petition alleges that the fall and resulting injuries were directly caused by the negligence of the defendant and states that the doctrine of res ipsa loquitur is relied upon. The trial court on motion dismissed this count. We think correctly so and find no error therein.

■ This doctrine has so frequently been before this court that a lengthy discussion thereof would be surplusage. Simply stated it is a rule of evidence. It is that where injury occurs by an instrumentality under exclusive control and management of the defendant and the occurrence is such that in the ordinary course of things it would not happen if reasonable care were used, the happening permits but does not impel an inference that defendant was negligent. Shinofield v. Curtis, 245 Iowa 1352, 1360, 66 N.W.2d 465, 50 A. L. R.2d 964, and cited authorities. See also Fanelli v. Illinois Central R. Co., 246 Iowa 661, 69 N.W. 2d 13, which involves a factual situation somewhat similar to the instant case.

■ Under the instant factual situation, we are unable to see wherein the res ipsa loquitur doctrine is applicable. From common experience it is known that one may, and often does, slip, trip or fall in descending from streetcars and such frequently occurs in the ordinary course of things, irrespective of what the defendant did or did not do. Neither do we find in this record that exclusive control over the instrumentality, which is a prerequisite to the doctrine's availability. True, as contended by plaintiff, the streetcar and all mechanical devices thereto attached were in the exclusive control of the defendant, but the record clearly shows that the fall was not due to the operation of the streetcar, limiting the word "operation" to the mechanical factors thus involved. Plaintiff, in alighting from the streetcar, was, to say the least, as much in control as was the defendant. Plaintiff cites as authority for her contention such cases as Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 49 N.W.2d 501; Preston v. Des Moines Ry. Co., 214 Iowa 156, 241 N.W. 648; Crozier v. Hawkeye Stages, Inc., 209 Iowa 313, 228 N.W. 320, and similar holdings. These cases all have to do with the mechanical operations and are clearly distinguishable. Plaintiff also cites and quotes at length from our recent case of Frost v. Des Moines Still College of Osteopathy and Surgery, 248 Iowa 294, 301, 79 N.W.2d 306. That case in no way involves a passenger-carrier relationship but is somewhat similar to Whetstine v. Moravec, 228 Iowa 352, 291 N.W. 425. It is true that in the Frost opinion there is a statement, based upon a New York case and an Iowa Law Review article, to the effect that "in certain

carrier-passenger cases * * * all that need be shown to get the benefit of the res ipsa loquitur inference of negligence [doctrine] is to show the relationship at the time, and that an injury was sustained due to some mishap." The Frost case in no way involves a passenger-carrier case and the statement is merely dictum and does not state the law as expressed by this court. See Fanelli v. Illinois Central R. Co., 246 Iowa 661, 69 N.W.2d 13, supra. This last cited case is also quoted from by plaintiff in her brief and argument, but it is apparent that the statements relied upon by plaintiff are directed to the question of causation, not res ipsa loquitur. We hold the res ipsa loquitur doctrine is not applicable under the instant facts.

II. Appellant assigns error in the giving of Instruction No. 7, which purports to advise the jury as to appellee's duty in removing ice and snow from the front exit steps of the bus. The objection interposed by appellant to this instruction, prior to its being read to the jury, is that it incorrectly states the law; that in prior instructions the court correctly stated the law and that Instruction No. 7 unduly emphasizes the matters and things which are set forth therein. Instructions Nos. 5, 6, 7, and 8 all deal with this question and appellant concedes that Nos. 5 and 6 correctly state the law. While we think the subject might well have been handled in fewer instructions, we think when read together the jury was not misled and had before it the proper legal yardstick. Furthermore, we find little in the original objections urged to Instruction No. 7 which would advise the court as to the claimed error.

The instruction is also criticized because the court used the term "snow and slush" instead of "ice." No such matter was urged to the trial court.

III. Error is assigned due to alleged misconduct on the part of jurors. Attached to plaintiff's motion for a new trial were affidavits of three of the jurors. While many things are alleged therein, appellant in argument urges three incidents as constituting prejudicial error. One juror stated that a member of her family had been injured in a similar accident with no claim made against the company and therefore plaintiff was not entitled to recover. Another juror stated that she would not believe the testimony of a doctor who was a witness for plaintiff,

saying that he had performed an unsuccessful operation upon her husband. A third juror stated the defendant was operating at a loss and should not be required to perform its duty to exercise the highest degree of care for the safety of its passengers.

██ ██ Use of affidavits is a recognized and proper procedure, In re Estate of Murray, 238 Iowa 112, 26 N.W.2d 58; and where uncontested by counter-affidavits or testimony, as here, the statements made are a verity. Skinner v. Cron, 206 Iowa 338, 220 N.W. 341. The granting or refusing a new trial is largely one of discretion for the trial court and usually only where it appears that such use has been abused will this court interfere. Hackaday v. Brackelsburg, 248 Iowa 1346, 85 N.W.2d 514.

██ All parties concede that jurors may not impeach their verdict by showing matters which inhere in the verdict, but what actually did transpire in the jury room may be shown in order that the court may determine if there was misconduct, and if so, if it was prejudicial. Douglass v. Agne, 125 Iowa 67, 99 N.W. 550; Keller v. Dodds, 224 Iowa 935, 277 N.W. 467. Just what matters inhere in a verdict are perplexing and no concise rule has been stated as a basis for so determining. Wright v. Illinois & Mississippi Telegraph Co., 20 Iowa 195; Hoyt v. Hoyt, 137 Iowa 563, 115 N.W. 222; Nicholson v. City of Des Moines, 246 Iowa 318, 67 N.W.2d 533.

Appellee argues that the rule adopted by this court is that statements not of material facts in issue, on which there was or could be testimony in the record, inhere in the verdict. In Conway v. Alexander, 200 Iowa 705, 710, 205 N.W. 351, 354, it is said: "If evidence had been recited in the jury room which contradicted or confirmed, weakened or strengthened, evidence given on the trial, a different question would be presented." In Farmers Sav. Bk. v. Smith, 212 Iowa 529, 535, 234 N.W. 798, 800, is the following: " 'It was said by some of the jurors, in substance, that they would not believe the evidence of J. J. Taylor because they knew of cases where people had put money in his bank and never got it out.' These statements were not merely matters of gossip or inconsequential discussion or bad argument only. They were affirmations of fact made by jurors as of their own knowledge in the process of arriving at their verdict. The statements

were not only without support in the evidence but were contrary to the testimony brought out by defendants on Taylor's cross-examination that 'We paid the depositors in full.' " See also Hawkins v. Burton, 225 Iowa 1138, 281 N.W. 790. In re Estate of Murray, supra, is a case where a new trial was granted even though the alleged misconduct of jurors concerned statements as to matters not material to the issues on trial.

While not placing our stamp of approval upon the jurors' conduct, we think the statements made by the jurors are inconsequential with no material bearing upon the issues or testimony and no such abuse of the trial court's discretion appears as to warrant this court in interfering.

Finding no error, the judgment of the trial court is affirmed. —Affirmed.

All JUSTICES concur.