## JONES v. HOPKINS.

1. **Evidence:** WHOLE OF A SUBJECT MAY BE GIVEN. When part of an act, declaration or conversation is drawn out in evidence, the opposite party is entitled to have the whole, or all the facts, on the same subject. Rev., § 3992.

2. —— FALSE REPRESENTATIONS. Evidence that a vendor of property made statements to a third party, subsequent to the sale, at variance with his representations to the vendee at the time of the sale, is admissible as tending to show, that he knew such representations were false at the time of making them.

3. —— IMMATERIAL INQUIRY. A party cannot prosecute an immaterial inquiry for a remote or argumentative purpose.

4. —— CORPORATION. Parol evidence is incompetent to establish the organization and existence of a corporation. Its written articles are the best evidence.

*Appeal from Scott District Court.*

TUESDAY, OCTOBER 24.

ACTION to recover $1,000 and interest, from July 1, 1865, for money paid by plaintiff to the defendant for ten shares of the stock of a pretended "Tionesta Land & Oil Company of Venango county, Pennsylvania," which money was paid upon the false and fraudulent representations of the defendant, that said company was duly incorporated and owned property of the value of $100,000, consisting of the best and most productive oil lands of that district; whereas, there was no such corporation nor did it own oil lands, etc. Answer in denial. Trial to a jury; verdict and judgment for plaintiff for $1,308. The defendant appeals.

*Davison & True* for the appellant.

*Brown, Campbell & Sully* for the appellee.

COLE, J. — I. Upon the trial the plaintiff introduced himself as a witness and testified at length; on his cross-examination by the defendant's counsel, he answered, among other things, " I have filed a claim against the estate of Dr. McCann, to recover the money paid for this stock;   *    *    *    * a claim was filed in probate court for Scott county." As soon as the cross-examination was concluded, the counsel for plaintiff offerred in evidence a certified copy of the claim so filed in the probate court, together with a copy of the record of proceedings thereon in said probate court, resulting in a judgment in favor of said plaintiff against said McCann's administrator for the full amount claimed, upon the verdict of a jury. This evidence was objected to as irrelevant and immaterial, and for that this defendant was not a party to such proceedings. The objection was overruled and the evidence admitted, and this is now assigned as error. The defendant having introduced the subject of that claim by his cross-examination, and shown a part of the facts, it became competent for the plaintiff to show the whole facts in order to make it fully understood. See Rev., § 3992.

*1. EVIDENCE: whole of a subject may be given.*

II. The plaintiff introduced George E. Hubbell, who testified to a conversation between himself and defendant in relation to this same Tionesta Land and Oil Company, about the time of the transaction in question. This was objected to as immaterial, etc., and its admission is now claimed to be error. It became necessary for plaintiff to show the defendant's knowledge of the falsity of his representations as made to this plaintiff; and this knowledge might properly be shown by evidence of his making contrary representations showing the worthlessness of the company, etc., to others. The fact that these were made to the witness after the representations to plaintiff would not render them incompetent, but was proper to be considered by the jury in deter-

*2. —— false representations.*

Jones v. Hopkins.

mining the weight to be given the subsequent representations.

III. The defendant also assigns as error the admission of the testimony of Hiram Wheeler who testified to facts in relation to the efforts made to organize the Tionesta Land and Oil Company, and as to the value and character of the land it was proposed to buy, etc. ; also to the fact that he was offered one-half he could get if he would sell stock, etc. This latter was objected to because it was not made by the defendant; but it must be remembered that it was competent and necessary for the plaintiff to show the worthlessness of the company, as well as defendant's knowledge of it. This evidence tended to establish the former; and, indeed, the witness testifies that "the company never pretended to have any title to the land; nor was there any articles of incorporation." What is here said amounts to a disposition of the error assigned upon the testimony of D. H. Wheeler also.

IV. The defendant's counsel asked the plaintiff when on the stand as a witness "where did you get the bonds (two $500 7-30 U. S. bonds) that you say you gave for the certificate of stock in suit?" This was objected to as immaterial, etc., and the objection was sustained; and we think rightly so. It must have been entirely immaterial where plaintiff obtained the bonds. There was no question as to his title to them and that he had them and gave them to defendant. There was a conflict between the testimony of the plaintiff and defendant as to whether there were two $500 bonds or only one $1,000 bond paid for the stock in question, and it is now argued by defendant's counsel, that if he had been permitted to require an answer to this question he might have shown that in fact the plaintiff had only one bond instead of two. This may be true, and yet the question is properly vulnerable to the objection of being immaterial. A party cannot prosecute an inquiry which is immaterial of itself,

*3. — immaterial inquiry.*

for any such remote or argumentative purpose. This ruling will also dispose of the point made on the questions to Gen. Leake, since no foundation for impeaching the witness, Mrs. Jones, had been laid.

V. The defendant's counsel asked the defendant when on the witness stand, " did said company have any existence ? Was it ever organized ?" The objection was made that if it was ever organized as a corporation, authorized to issue stock, there must be written evidence of the fact; and that evidence must be produced —that parol testimony was incompetent. This objection was sustained by the court; and as to the correctness of this ruling we have no question. It seems to us too clear to justify discussion.

*4. —— corporation.*

VI. The counsel for appellant have made a very close, analytical and potent argument upon the evidence. As seen through the medium of their argument, we might hesitate to determine as an original question upon the evidence for the plaintiff; but even in the light of the argument we do not see how we can, under any rule we have ever recognized, set aside the verdict as contrary to the evidence. It is not necessary to review the *instructions*. In our opinion they are without valid objection.

Affirmed.