The State of Iowa, Appellee, v. B. H. Leuhrsman, Appellant.

**Absent Witness:** ADMISSION AS TO TESTIMONY: OBJECTION. Where
1  the state admits that an absent witness would testify
as alleged in an affidavit for continuance, objection to the
testimony as incompetent is not thereby waived.

**Exclusion of Evidence.** Exclusion of testimony on an objection
2  in which no specific ground is assigned is harmless error.

**Assault:** EVIDENCE. Evidence of derogatory remarks is not ad-
3  missible in defense of a charge for assault.

**Evidence:** CONVERSATION. In a prosecution for assault, evidence
4  of a certain conversation had prior to the assault is held inad-
missible, either under the rule allowing the whole of a con-
versation or as bearing on the intent of accused.

**Included Offenses:** INSTRUCTION. An instruction substantially in
5  conformity with the statute relating to included offenses which
directs that the jury is not at liberty to select one of the in-
cluded offenses and convict or acquit upon that alone, but
must first consider the principal offense charged and if con-
viction is not found then proceed to the minor included offen-
ses in the order of their gradation, is not error.

**Argument:** CAUTIONARY INSTRUCTION. Where the argument of
6  counsel is not before the appellate court, the presumption in
favor of the regularity of the trial court's acts will support a
cautionary instruction that "nothing said in argument should
cause you to fail to follow this instruction."

**Verdict:** VARIANCE. In a prosecution for assault with intent to
inflict great bodily injury, the verdict prepared by the court
7  read, "assault with intent to 'commit' great bodily injury,"
and the verdict returned read "assault with intent to 'do'
great bodily injury." Held, that the variance was neither
misleading nor prejudicial.

*Appeal from Benton District Court.*—Hon. Obed Caswell,
Judge.

Friday, April 8, 1904.

INDICTMENT for assault with intent to inflict great bodily injury upon one Henry Pickart. The defendant was convicted, and appeals.—*Affirmed.*

*M. J. Tobin* and *Tom H. Milner* for appellant.

*C. W. Mullan,* Attorney General and *L. De Graff,* Assistant Attorney General, for the State.

WEAVER, J—The defendant having filed a motion for continuance because of the absence of a material witness, and the court having intimated that the showing was sufficient, counsel for the state announced that he

1. ABSENT witness: admission as to testimony: objection.

would admit that the witness, if present, would testify as stated in the affidavit, and thereupon the motion was overruled and the trial proceeded. When counsel for defendant offered to read the matter stated in the affidavit as the testimony of the absent witness, the state objected to certain parts of said statement, but assigned no specific ground of objection. The court sustained the objection, and allowed but a part of the statement to be given to the jury. It is first argued that, the state having admitted that the absent witness would testify as claimed in the motion for continuance, this concession was in effect a consent that the entire statement be read to the jury. That this is not the rule in Iowa has been several times decided. The admission that the witness will swear to certain alleged facts is not an admission that such facts are competent evidence. Whether expressly reserved or not, the state retained the right to object to the testimony when offered to the same extent as it might properly do, were the witness present in person and being interrogated upon the same matter. *State v. Geddis,* 42 Iowa, 264; *State v. Sater,* 8 Iowa, 424.

It is further called to our attention that the objection sustained by the court was not specific, and therefore insufficient. The record sets out the statement, and designates

2. EXCLUSION of testimony.

the language excluded by the court. It appears therefrom that, for reasons hereinafter mentioned, the matter excluded was irrelevant and imma-

terial to the issue being tried; and therefore, while the ruling
was technically erroneous, the error was without prejudice.
Had the court overruled the objection and admitted the testi-
mony, the state could not have complained, for the very good
reason that its objection was too general.    This, we think,
is the extent of the rule applied  by this court in the cases
cited.  *Pulh v. Zimbleman,* 99 Iowa, 641; *State v. Beebe,*
115 Iowa, 128; *Fairbank's Case,* 79 Iowa, 286.   In other
words, these authorities are to the effect that, a proper ground
of objection not being assigned, it is not error for the court
to overrule it; but it does not follow it would be prejudicial
error to sustain the objection, even   upon   an   insufficient
ground, if the testimony so excluded is manifestly of an im-
proper character.

II.   Appellant sought in various ways to prove that at
the time of the alleged assault, and on other occasions prior
thereto, the complaining  witness had indulged in deroga-

3. Assault:
evidence.

tory remarks  concerning ' appellant, and ac-
cused him of undue fondness "for women and
wine," and that it was under such provocation that the as-
sault was made.   The court quite uniformly sustained the
state's objection to this line of evidence, although, by the per-
sistence and ingenuity of counsel much of it found its way
into the record; and to that extent the objection, even if well
taken, was obviated.   But we think the ruling was correct.
It needs no citation of authorities to the  point that verbal
abuse and insults constitute no defense to a charge of assault.
Such circumstances may properly be presented to the court
for its consideration in mitigation of punishment, but to per-
mit them to be given to the jury serves inevitably to divert
attention from the real issue into an inquiry into the merits
of the quarrel which inspired or  provoked the alleged abu-
sive language.   The case before us well illustrates the tend-
ency we have mentioned.   It appears that the appellant and
complaining witness, Henry Pickart, were members of the
Catholic congregation in the local parish of which the appel-
lant's brother was priest in charge.   According to the tes-

timony of Pickart, the appellant came to the residence of the witness on the evening before the assault, and informed him that the priest and others of the congregation wished to meet him at the priest's house that evening. It is not expressly stated, but it may be inferred, that the ostensible purpose of the meeting was to settle the differences between the parties in accordance with the laws and usages of the church. Pickart did not go until the next morning, when he telephoned the priest, asking in regard to the appointment, and the priest replied, that the "body" or committee was not there, but the witness could come up anyway. After Pickart reached the priest's house, the appellant soon arrived, and asked Pickart if he meant to call him to his face what he had called him to the priest, and on being answered in the affirmative, promptly struck Pickart, knocking him down, and continued to beat him until the priest interfered. The result was that Pickart's nose was broken, and he was otherwise badly bruised. Pickart, who has a withered arm, was sitting down when assaulted, and there is not the slightest evidence given or offered to the effect that he used or attempted the least degree of violence toward his assailant. The appellant committed the assault premeditatedly is shown by the fact that he removed his coat before entering the room where the act was committed, and by the business like manner in which he proceeded to administer punishment.

Upon cross-examination of Pickart, counsel for the defense asked to what statement reference was made when appellant asked if he would say to appellant's face what he had before said to the priest. The exclusion of this answer raises practically the same question of law which is involved in all the rulings complained of in respect to the admission of evidence. For reasons already stated, we hold the ruling not erroneous. The rule as to the admission of all of a conversation where a part has been admitted on behalf of the other party is not here applicable, for the reason that the statement called for was not as to the conversation between Pickart and appellant at the time of the

4. EVIDENCE: conversion.

assault, but as to the words used by Pickart in a prior conver sation with appellant's brother. Moreover, the rule by which after one party has proven part of a conversation, the other party is permitted to give the rest of it in evidence, does not necessarily include everything which may have been said at the same interview, but only so much as was said concerning the subject-matter of the statement testified to by the first witness.

It is said in argument that the testimony sought to be elicited was important as "bearing upon the defendant's intent," and as showing that defendant "only meant—unlawfully, if you please—to avenge an insult, or whether he intended to inflict great bodily injury upon Pickart." This would be a valid objection if the intent to avenge an insult and the intent to inflict great bodily injury were in the least inconsistent, so that proof of the former would tend to contradict or lessen the probability of the latter; but unfortunately they are not only consistent with each other, but proof of the former tends rather to emphasize the probable existence of the latter. Stripped of all disguises, the attempt in this case, as in many cases of the kind, is to get into the record the collateral personal bickerings of the parties, and, by showing up alleged insults and epithets, aroused in the jury that feeling of savage justice, not yet fully refined out of the human heart, which leads men to condone an unlawful assault on the theory that the complaining witness "got no more than he deserved." Courts of justice cannot permit cases to be tried upon that principle without encouraging lawlessness and violence. If men will insist upon wreaking private vengeance upon the persons of those doing them private wrong, they should not complain when required to answer to the law which they thereby consciously violate.

III. The court instructed the jury that the crime charged in the indictment included assault with intent to commit great bodily injury, assault and battery, and assault, and

5. INCLUDED offenses: instruction. that, if they found defendant guilty, it should be of the highest of the included offenses of

which the evidence showed him guilty beyond a reasonable doubt, but, if there was a reasonable doubt of his guilt of the higher charge, they should then consider the lower degree, and so consider each to the last included crime, if necessary, and, if there was a reasonable doubt in respect to his guilt in each instance, then he should be acquitted. We think this charge does not misstate the law. The appellant was indicted for assault with intent to inflict great bodily injury. It was for that offense primarily that he was on trial. The other offenses named were not indictable, and appellant could be convicted thereof under an indictment only on the theory that he had been first acquitted of the higher offense in which they were included. The substance of the instruction is simply that the jury are not at liberty to select one of the included offenses, and convict or acquit upon that alone, but must consider first the principal offense charged, and, if a verdict of guilty thereon be not found, must then proceed to the minor included offenses in the order of their gradation. The jury were clearly instructed that the appellant should not be convicted of any degree of offense of which, under the evidence, they had a reasonable doubt, and this sufficiently answers the requirement of the statute. There may be room for question whether it is not better in all ordinary cases for the court to instruct the jury in the simple language of the statute governing included offenses, but, where the thought is substantially embodied in the instruction as written, we cannot reverse because of the form of expression employed.

In another instruction the jury were told that abusive language and insults constituted no defense to the offense charged, and the court added, "Nothing said in argument should cause you to fail to follow this instruc-

6. ARGUMENT: cautionary instruction.

tion." And to this language appellant excepts, as being "moldy with mischief and error." Not having the arguments before us, we cannot say how appropriate this remark of the court may have been. The presumption which obtains in favor of the regularity of the act of the court re-

quires us to assume that counsel adopted a line of persuasion with the jury which justified the court in this caution. In the zeal of advocacy the lawyer sometimes, unconsciously and inadvertently, of course, gets outside of the record, and seeks by the arts of oratory to lead the jury into paths across which the court has placed the bar of its ruling in the introduction of evidence; and in such case it is not improper for the court, in its instructions, to warn the jurors against such seductive influences, and recall them to a consideration of the very issue to be decided.

In the form of verdict prepared by the court for the jury, the offense charged was described as an "assault with intent to commit great bodily injury," instead of "assault with intent to inflict great bodily injury." The verdict as returned is of guilty of an "assault with intent to do great bodily injury." It is safer and better in all cases to follow the words of the statute, but these three forms of expression may here be treated as synonymous. No one can possibly be misled by the variation in terms, neither can the appellant be in any manner prejudiced thereby.

7. VERDICT: variance.

We find no prejudicial error in the record, and the judgment of the trial court is AFFIRMED.