CHARLES E. JONES, Appellant, v. LEONA L. KRAMBECK, Executrix, Appellee.

No. 45028.

FEBRUARY 13, 1940.

REHEARING DENIED MAY 18, 1940.

Lane & Waterman, for appellant.

A. W. Hamann and Putnam, Putnam, Fillmore & Putnam, for appellee.

RICHARDS, J.—While he was riding as a guest of one Charles Krambeck in an automobile that the latter was operating on a public highway, the appellant Jones sustained personal injuries when the car struck the abutment of a concrete culvert. Krambeck did not long survive the accident. Against his estate the appellant filed a claim for damages predicating same upon Krambeck's reckless operation of the car. Upon the trial a verdict was returned by the jury in favor of appellee-executrix of Krambeck's estate. Plaintiff filed exceptions to the instructions and a motion for new trial. Same were overruled. From that ruling he has appealed.

One alleged error during the trial, set out as a ground of the motion, was the court's refusal to give an instruction requested by appellant that was in these words:

"You are instructed that under the laws of this state the driver of an automobile, when overtaken by a faster moving automobile proceeding in the same direction, upon a signal given by the driver of the overtaking automobile, must cause his car to be driven to the right of the center of the traveled way, if he can do so with safety, and remain to the right of the center of such traveled way without any increase of speed until the overtaking automobile shall have safely passed."

The requested instruction followed in the main the wording of section 5021, Code 1935, which had been repealed by chapter 134 of the Acts of the Forty-seventh General Assembly prior to September 15, 1938, the date on which appellant was injured. In chapter 134 the subject matter to which section 5021 pertained is found in section 330 [section 5024.03, Code 1939], the material parts of which are the following:

"The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle.

"Except when overtaking and passing on the right is permitted, the driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on audible signal and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle."

Appellee takes the position that appellant was not entitled to have the instruction given because he relied upon a repealed statute. But the question really is whether the instruction stated the law as enacted in section 330, and we think it in large measure did so. However, section 330 does not in terms require the overtaken driver to cause his car to be driven to the right of the center of the traveled way as does the requested instruction. Section 330 is a rule laid down by the legislature for the purpose of governing the overtaking and passing of vehicles proceeding in the same direction. The repealed statute demanded that the overtaken vehicle be driven to the right of the center of the traveled way. It is significant that that requirement is not found in the later enactment. Nor is it reasonably implied. Rather, if the overtaken driver has given way to the right and thereby has favored the overtaking driver to the extent of affording ample room and opportunity to pass and proceed ahead, the seeming purpose of the rule and intent of the legislature has been attained. The so doing by the overtaken driver may or may not require that his vehicle be driven to the right of the center of the traveled way. In the

instant case the highway had a smooth graveled surface which was 24 feet in width. The evidence showed that Krambeck had given way to the right in ample degree to enable an overtaking car, which was being driven by one Grossbier, to pass. The requested instruction would have imposed on Krambeck the duty of additionally driving to the right of the center of the highway. We do not so interpret the law as stated in section 330. There is also another respect in which the law as found in section 330 is not reflected in the requested instruction. Under section 330 the two things required of the overtaken driver are not fully performed until his car has been *"completely passed"* by the overtaking vehicle. In the requested instruction the words *"safely passed"* are used. It seems possible that a jury could infer from this use of the word "safely" that the law imposed on defendant a duty to assure the safety of the passing car even though he had in all the defined particulars obeyed section 330. At any rate the legislature has seen fit to delete the word "safely" that appeared in section 5021 and was used in the requested instruction, and has substituted in the later statute the word "completely." In view of these considerations we are of the opinion that it was not appellant's right to have the law stated in the manner he requested.

During the trial the court sustained appellee's objections to certain testimony of witnesses Bissick and Gilbert when offered by appellant. This ruling was one of the grounds of the motion for new trial, wherein it was claimed the ruling was erroneous. The court's refusal to grant a new trial on said ground is assigned as error on this appeal. But what may be the appellant's complaint against this ruling is not set out in the brief and argument. Following the assignment of the alleged error is a brief of authorities pertaining to several general principles of law. That is followed by an argument enlarging upon the matters found in the brief. A careful perusal of all this does not enable us to ascertain with any certainty or to intelligently state, for the purpose of decision, the complaint against the ruling. Rule 30 requires that an appellant

point out his complaint against a ruling specifically and in concise language. It is a situation in which we cannot but decline to attempt a decision.

■ During the cross-examination of appellant he was interrogated for impeachment purposes concerning statements he had made as a witness in the coroner's investigation of the death of Krambeck. The statements were contained in answers to questions and were shown in a transcript of the coroner's proceedings. Jones admitted making the statements but claimed he was at that time mistaken as to the facts. Appellee then offered these statements found in the transcript as admissions made by appellant against interest. Counsel for appellant thereupon offered in its entirety the testimony of Jones appearing in the transcript. The alleged error in the court's refusal to admit this offered evidence was one of the grounds of the motion for a new trial, and the court's refusal to grant the motion on that ground is urged on this appeal as a ground for reversal. Appellant points out that section 11272, Code 1935, provides that "When part of an act, declaration, conversation, or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other; * * *." The transcript contained statements made by appellant that were not on the same subject as were the answers appellee had offered. Some were clearly self-serving in character as well as quite foreign to the matter to which the answers offered by defendant pertained. Nor were these statements necessary to make fully understood or to explain the statements of appellant that were in the record. Section 11273, Code 1935. The court committed no error in excluding the transcript when offered as a whole. Sims v. Moore, 61 Iowa 128, 16 N. W. 58; State v. Leuhrsman, 123 Iowa 476, 99 N. W. 140.

Other assignments question the meaning of instruction 13-A and the ruling excluding evidence offered relating to payment by appellee to Grossbier of an amount for damages to his car growing out of the same accident. But we are unable to discover error in respect to either of those assignments.

Appellee's motion for dismissal of the appeal, submitted with the case, is overruled.

Finding no ground for reversal we affirm the judgment of the district court.—Affirmed.

HAMILTON, C. J., and HALE, MITCHELL, MILLER, SAGER, BLISS, and STIGER, JJ., concur.